```
_____
                                )
UNITED STATES, ex rel.          )
WESTRICK,                       )
                                )
          Plaintiffs,           )
                                )
          v.                    )     Civil Action No. 04-280 (RWR)
                                )
SECOND CHANCE BODY ARMOR,       )
INC. et al.,                    )
                                )
          Defendants.           )
_____)
```

### MEMORANDUM OPINION AND ORDER

The government, by relator Aaron J. Westrick, filed a
complaint against defendants Second Chance Body Armor, Inc., and
related entities (collectively "Second Chance"), Toyobo Co.,
Ltd., Toyobo America, Inc. (collectively "Toyobo"), and several
individual defendants, alleging violations of the False Claims
Act ("FCA"), 31 U.S.C. §§ 3729-33, as well as common law claims
in connection with the sale of Zylon body armor.  A February 23,
2010 memorandum opinion denied the defendants' motion to dismiss.
Toyobo filed a motion for reconsideration of the portion of the
February 23rd opinion analyzing the government's FCA false
statements claim.  Although the February 23rd opinion erred in
stating that the amendments to the FCA's false statements
provision brought about by the Fraud Enforcement and Recovery Act
of 2009 ("FERA") applied retroactively here, Toyobo's motion for

reconsideration will be denied because the complaint nevertheless alleges a cognizable claim under the unamended provision.

BACKGROUND

The background of this case is discussed fully in <u>United States ex rel. Westrick v. Second Chance Body Armor, Inc.</u>, Civil Action No. 04-280 (RWR), 2010 WL 623466 (D.D.C. Feb. 23, 2010). Briefly, the government alleges that Second Chance and Toyobo contracted for Toyobo to supply Second Chance with the synthetic fiber "Zylon" for use in manufacturing Second Chance bulletproof vests, and that Zylon deteriorated more quickly than expected. Among other causes of action, the complaint asserts that "[a]ll Defendants knowingly made or caused to be made false statements in order to get a false claim paid by the United States . . . ," in violation of the FCA. (Am. Compl. ¶ 117.) The defendants filed a motion to dismiss, and the February 23rd opinion denied the motion to dismiss with respect to the false statements claim on the ground that the government had pled that the alleged false statements were material to Second Chance's submission of false claims. <u>Westrick</u>, 2010 WL 623466, at *7. Toyobo has filed a motion for reconsideration, arguing that FERA's amendments to 31 U.S.C. § 3729(a)(2) do not apply retroactively; that the opinion erred in applying the amended statute's requirement that the false statements be material to a false claim, rather than the unamended statute's requirement that the false statement be made

to get a false claim paid by the government; and that the government failed to state a false statements claim because its complaint did not allege that Toyobo intended that any of its false statements be used by Second Chance to get the government to pay its claims.

## DISCUSSION

The defendants' motion for reconsideration will be decided under Federal Rule of Civil Procedure 54(b), which governs interlocutory orders. See Williams v. Savage, 569 F. Supp. 2d 99, 108 (D.D.C. 2008) ("The standard of review for interlocutory decisions differs from the standards applied to final judgments[.]").  A district court may revisit its interlocutory decisions "at any time before the entry of judgment adjudicating all the claims and all the parties' rights and liabilities[,]" Fed. R. Civ. P. 54(b), as justice requires.  Am. Fed'n of Teachers, AFL-CIO v. Bullock, 605 F. Supp. 2d 251, 257 (D.D.C. 2009).  Relevant considerations include "whether the court patently misunderstood the parties, made a decision beyond the adversarial issues presented, made an error in failing to consider controlling decisions or data, or whether a controlling or significant change in the law has occurred[.]"  Id. (quoting In Def. of Animals v. Nat'l Insts. of Health, 543 F. Supp. 2d 70, 75 (D.D.C. 2008)).  The moving party must demonstrate that "some harm would accompany a denial of the motion to reconsider[.]"  In

Def. of Animals, 543 F. Supp. at 76.  Ultimately, a court has

wide discretion in deciding a motion for reconsideration and can

revise its earlier decision if such relief is necessary under the

circumstances.  Judicial Watch v. Dep't of Army, 466 F. Supp. 2d

112, 123 (D.D.C. 2006).

     The February 23rd opinion held that:

     Congress amended § 3729(a)(2) in the Fraud Enforcement
     and Recovery Act of 2009 ("FERA").  The amended
     provision, 31 U.S.C.A. § 3729(a)(1)(B) (West 2010),
     creates a cause of action against anyone who "knowingly
     makes, uses, or causes to be made or used, a false
     record or statement material to a false or fraudulent
     claim."  FERA provided for § 3729(a)(1)(B)'s
     retroactive application "to all claims under the False
     Claims Act . . . that are pending on or after" June 7,
     2008.  P.L. 111-21, at 1625.  Because this suit was
     pending on June 7, 2008, the amended provision applies
     here.

Westrick, 2010 WL 623466, at *7.  However, it was error to

conclude that FERA's amended provisions applied retroactively to

the claims at issue here.  The word "claims," as it applies in

the relevant provision, refers to "a defendant's request for

payment" and not to "civil actions for FCA violations."  United

States v. Sci. Applications Int'l Corp., 653 F. Supp. 2d 87, 107

(D.D.C. 2009).  Because the complaint does not allege that any

requests for payment were pending after 2003, when Second Chance

discontinued selling Zylon vests, the unamended false statements

provision, 31 U.S.C. § 3729(a)(2) (2006), applies.

     The unamended provision creates a cause of action against

anyone who "knowingly makes, uses, or causes to be made or used,

a false record or statement to get a false or fraudulent claim
paid or approved by the Government." 31 U.S.C. § 3729(a)(2)
(2006). Section (a)(2) attaches FCA liability to a defendant who
prepares in support of a claim a statement or record that it
knows to be a misrepresentation, even if that defendant did not
actually submit a claim to the government.[1] <u>United States ex
rel. Totten v. Bombardier Corp.</u>, 380 F.3d 488, 501 (D.C. Cir.
2004) (noting that "(a)(2) is complementary to (a)(1), designed
to prevent those who make false records or statements to get
claims paid or approved from escaping liability solely on the
ground that they did not *themselves* present a claim for payment
or approval"); <u>see</u> <u>United States ex rel. Harris v. Bernad</u>, 275 F.
Supp. 2d 1, 6 (D.D.C. 2003) (noting that "the main purpose of
section 3729(a)(2) is to remove any defense that the defendants
themselves did not submit false claims to the government"). "To
prove a violation of section 3729(a)(2), a plaintiff must show
that (1) the defendant created a record and used this record to
get the government[] to pay its claim, (2) the record was false,
and (3) the defendants knew that the record was false." <u>Harris</u>,
275 F. Supp. 2d at 6.

---

[1] When a defendant submits a claim to the government
directly, 31 U.S.C. § 3729(a)(1) applies. That provision
provides a cause of action against anyone who "knowingly
presents, or causes to be presented, to an officer or employee of
the United States Government . . . a false or fraudulent claim
for payment or approval[.]" 31 U.S.C. § 3729(a)(1) (2006).

In <u>Allison Engine Co., Inc. v. United States ex rel.</u>
<u>Sanders</u>, 128 S. Ct. 2123 (2008), the Supreme Court held that the
phrase "to get" requires that a person has the "purpose of
getting a false or fraudulent claim 'paid or approved by the
Government' in order to be liable under § 3729(a)(2)." <u>Id.</u> at
2128. "[A] subcontractor violates § 3729(a)(2) if the
subcontractor submits a false statement to the prime contractor
intending for the statement to be used by the prime contractor to
get the government to pay its claim." <u>Id.</u> at 2130. The Court
interpreted the provision to make a defendant "'answerable for
. . . the natural, ordinary and reasonable consequences of his
conduct'" but not more. <u>Id.</u> (quoting <u>Anza v. Ideal Steel Supply</u>
<u>Corp.</u>, 547 U.S. 451, 470 (2006)).

Second Chance communicated to Toyobo -- after learning from
Toyobo about the accelerated degradation of Zylon -- that "they
both 'must avoid even the perception of a possible problem' with
Zylon." (Am. Compl. ¶ 52.) Toyobo allegedly "knew that the
vests Second Chance was selling to the United States Government
degraded when exposed to sunlight, elevated temperatures, and
humidity but did not disclose this information to the United
States Government." (<u>Id.</u> ¶ 54.) The government alleges that
Toyobo knowingly misrepresented and concealed facts, creating a
false record that in part caused Second Chance to submit a false
claim to the government. (<u>Id.</u> ¶ 117.) When the complaint is

construed in the light most favorable to the plaintiff, <u>see</u>
<u>Browning v. Clinton</u>, 292 F.3d 235, 242 (D.C. Cir. 2002), these
factual allegations are sufficient to plead that Toyobo failed to
disclose information about Zylon's degradation with the purpose
of having the government pay for the defective vests.  Moreover,
the complaint tracks the language of the unamended § 3729(a)(2)
by charging that the defendants made false statements "in order
to get a false claim paid by the United States[.]"  (Am. Compl.
¶ 117.)  Therefore, the defendants' motion to dismiss would have
been denied even if the claim had been analyzed under the
unamended false statements provision, and Toyobo cannot
demonstrate that any harm would accompany a denial of the motion
to reconsider.

<u>CONCLUSION AND ORDER</u>

Although the February 23rd opinion should have applied the
unamended version of 31 U.S.C. § 3729(a)(2) to the government's
claim, the government has stated a cognizable claim under the
unamended provision of the FCA as well.  Accordingly, it is
hereby

ORDERED that the defendants' motion [219] for
reconsideration be, and hereby is, DENIED.

SIGNED this 4th day of May, 2010.


_____/s/_____
RICHARD W. ROBERTS
United States District Judge