UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                               )
UNITED STATES, ex rel.         )
WESTRICK,                      )
                               )
            Plaintiffs,        )
                               )
        v.                     )   Civil Action No. 04-280 (RWR)
                               )
SECOND CHANCE BODY ARMOR,      )
INC., et al.,                  )
                               )
            Defendants.        )
_____)
```

## MEMORANDUM OPINION AND ORDER

The United States brought this action against defendants
Toyobo Co., Ltd. and Toyobo America, Inc. (collectively
"Toyobo"), individual defendants Thomas Bachner, Jr. and Richard
Davis, and others[1] alleging violations of the False Claims Act
("FCA"), 31 U.S.C. §§ 3729-3733, as well as common law claims, in
connection with the sale of allegedly defective body armor.
Bachner has moved for several forms of relief.  He seeks to file
a counterclaim against the United States asserting malicious
prosecution, tortious interference with contracts, unlawful
investigatory and litigation tactics, invasion of privacy, and
submission of false statements and documents by the Department of
Justice attorneys in federal courts; the appointment of an

---

[1] The government has settled its claims against Second Chance
Body Armor, Inc. and related entities (collectively "Second
Chance"), Karen McCraney and James McCraney.

- 2 -

independent investigator; suspension of the current scheduling
order; sanctions against the government; and reconsideration of
the order denying his motion to transfer venue to the Western
District of Michigan.  The government opposes and moves to strike
or dismiss the counterclaim under Federal Rule of Civil Procedure
12(b)(1) for lack of subject matter jurisdiction and Rule
12(b)(6) for failure to state a claim for which relief can be
granted, and to strike the counterclaim under Rule 12(f).

Because the counterclaim is barred by sovereign immunity,
leave to add the counterclaim will be denied and the government's
motion to dismiss or strike it will be granted.  Because
appointing an independent investigator is neither authorized nor
warranted, there is no good cause to suspend the scheduling
order, there has been no sanctionable conduct by the government,
and Bachner has not demonstrated that justice requires
reconsidering a change of venue, Bachner's remaining requests for
relief will be denied.

<u>BACKGROUND</u>

The background of this case is set forth fully in <u>United
States ex rel. Westrick v. Second Chance Body Armor, Inc.</u>, 685 F.
Supp. 2d 129, 132-33 (D.D.C. 2010).  Briefly, the government's
amended complaint filed on September 19, 2005 alleges that Second
Chance and Toyobo contracted for Toyobo to supply Second Chance
with the synthetic fiber "Zylon" for use in manufacturing Second

- 3 -

Chance bulletproof vests.  Id. at 132-33.  The government

purchased the vests both through the General Service

Administration's Multiple Award Schedule contracting program and

directly from Second Chance or from Second Chance distributors.

(Am. Compl. ¶¶ 28-31.)  Zylon deteriorated more quickly than

expected, and the government alleges that Second Chance and

Toyobo knew about the prospect of accelerated degradation while

continuing to sell the vests and concealed that information from

the government.  Westrick, 685 F. Supp. 2d at 132.

In February 2006, Bachner through counsel filed an answer to

the government's amended complaint stating no counterclaims.

(Def. Bachner's Answer to Am. Compl.)  Years later, individual

defendants Bachner, Davis, and the McCraneys, by then pro se,

moved to transfer venue, arguing that continuing to defend the

suit in this district would impose on them financial hardship and

inconvenience.  The motion to transfer venue was denied because

the defendants failed to show that the transfer was in the

interests of justice.  United States ex rel. Westrick v. Second

Chance Body Armor, Inc., 771 F. Supp. 2d 42, 44 (D.D.C. 2011).

In September 2011, Bachner docketed a filing stating a

counterclaim against the United States alleging prosecutorial

misconduct during the ongoing investigation of Second Chance and

the individual defendants under the FCA and moving for various

forms of relief.  (Mem. Facts in Support of Def. Bachner Jr.'s

- 4 -

Counterclaim ("Def.'s Mem.") at 2.)  In particular, Bachner moves for the appointment of an independent investigator to examine the government's alleged misconduct, suspension of the scheduling order to allow the investigator to proceed, and sanctions against the government for lack of disclosure, misrepresentations, and unfair settlement practices. (Id. at 1-3, 29-30.)  Bachner seeks $2.75 million dollars in damages for lost employment, $700,000 for legal fees, punitive damages, and summary dismissal.  (Id. at 30.)  Finally, Bachner asks that the order denying transfer of venue to the Western District of Michigan be reconsidered "in the interests of justice."  (Id. at 31.)

The government argues that leave to add the counterclaim should be denied or the counterclaim should be stricken or dismissed because it is untimely filed, is not compulsory, is futile as barred by sovereign immunity, fails to state a claim upon which relief can be granted, and is insufficient as a matter of law.  (Gov't Mem. in Supp. of Their Mot. to Strike and/or Dismiss the Counterclaim ("Gov't Mem.") at 3, 15.)  In addition, the government opposes appointing an independent investigator for lack of statutory authority (id. at 28-29), imposing sanctions as barred by sovereign immunity and unwarranted in any event (id. at 29-42), and reconsidering transferring venue because it is untimely and Bachner alleges no new grounds to consider.  (Id. at 42.)

- 5 -

DISCUSSION

I.   LEAVE TO ADD COUNTERCLAIM

Generally, "[a] pleading must state as a counterclaim any claim that -- at the time of its service -- the pleader has against an opposing party[.]" Fed. R. Civ. P. 13(a).  Two rules govern adding a counterclaim after the initial pleadings have been filed.  Rule 15(a) grants discretion to the court to grant leave to file a counterclaim to a party who omitted the counterclaim from the original responsive pleading when the opposing party does not consent.  Rule 13(e) vests discretion in the court to allow the counterclaim if the claim accrued to a party after the earlier pleading was filed.[2]  See Montecatini Edison, S.P.A. v. Ziegler, 486 F.2d 1279, 1282 n.9 (D.C. Cir. 1973); Fed. R. Civ. P. 13(e), 15(a)(2).

Bachner filed his initial pleading -- his answer -- through counsel in February 2006.  Portions of Bachner's pro se counterclaim, filed in September 2011, pertain to events which occurred before he filed his answer in February 2006 and could be

---

[2] Omitted counterclaims which should have been filed in responsive pleadings were formerly considered under Federal Rule of Civil Procedure 13(f), as is reflected in the Montecatini Edison case.  However, since the 2009 Rules amendments, "the decision whether to allow an amendment to add an omitted counterclaim is governed exclusively by Rule 15."  6 Charles A. Wright, et al., Federal Practice and Procedure § 1430 (3d ed. 2012) (referring to Fed. R. Civ. P. 13 advisory committee's note (2009 Amendments)).  Since Bachner filed his counterclaim in 2011, Rule 15 governs.

construed under Rule 15 as omitted claims.  Bachner's pre-answer
claims allege malicious prosecution (see Def.'s Mem. at 9-11
(citing the government's choice to prosecute the Second Chance
executives in September 2005)), and tortious interference with
contract (see Def.'s Mem. at 12-13 (alleging interference with
Bachner's employment in July and September 2005)).  Bachner's
other claims allege events from 2006 to 2010 during the FCA
investigation and litigation: unlawful litigation tactics (see
Def.'s Mem. at 14 (citing placing Bachner and other defendants on
the General Services Administration's ("GSA's") Excluded Parties
Listing System in August 2006)); invasion of privacy (see Def.'s
Mem. at 20-22 (citing investigations in September 2008)) and
malicious prosecution (see Def.'s Mem. at 15-16, 26-29 (citing
vindictive "persecution" in April 2008, intimidation and threats
in June 2008, improper settlement tactics in April 2009, failure
to supervise in May 2010 and bad faith litigation tactics in July
2010)).  They could be construed under Rule 13(e) as claims which
accrued during this litigation.

   A.   Omitted counterclaims

   Under Rule 15(a), Bachner can add an omitted counterclaim
now "only with the opposing party's written consent or the
court's leave.  The court should freely give leave when justice
so requires." Fed. R. Civ. P. 15(a)(2).  The decision to grant
or deny leave to amend is within the court's discretion.  Garnes-

- 7 -

El v. District of Columbia, 841 F. Supp. 2d 116, 123 (D.D.C.
2012) (citing Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C.
Cir. 1996)).  A court should "determine the propriety of
amendment on a case by case basis, using a generous standard[,]"
Harris v. Sec'y, U.S. Dep't of Veterans Affairs, 126 F.3d 339,
344 (D.C. Cir. 1997), and pro se complaints should be construed
with "special liberality."  Kaemmerling v. Lappin, 553 F.3d 669,
677 (D.C. Cir. 2008).

     Undue delay, undue prejudice to the defendant or futility of
the proposed amendment are factors that may warrant denying leave
to amend.  Richardson v. United States, 193 F.3d 545, 548-49
(D.C. Cir. 1999) (holding that the motion to amend should be
granted "in the absence of undue delay, bad faith, undue
prejudice to the opposing party, repeated failure to cure
deficiencies, or futility"); Smith v. Café Asia, 598 F. Supp. 2d
45, 47 (D.D.C. 2009) (citing Atchinson v. District of Columbia,
73 F.3d 418, 425 (D.C. Cir. 1996)).

     A district court may deny a motion to amend a pleading as
futile if the amended pleading would not survive a motion to
dismiss.  In re Interbank Funding Corp. Sec. Litig., 629 F.3d
213, 218 (D.C. Cir. 2010); see also Truesdale v. United States
Dep't of Justice, No. 12-5012, 2012 WL 3791281, at *1 (D.C. Cir.
Aug. 15, 2012).  In a motion to dismiss for lack of subject
matter jurisdiction under Rule 12(b)(1), the counterclaimant

- 9 -

counterclaim . . . against the United States[.]"  Fed. R. Civ. P.
13(d).

Bachner's tort claims suggest an examination of the Federal
Tort Claims Act ("FTCA") for any applicable waiver of the
government's immunity here.  The FTCA provides a waiver of
sovereign immunity in civil actions based on "injury or loss of
property, or personal injury or death caused by the negligent or
wrongful act or omission of any employee of the Government while
acting within the scope of his office or employment[.]"  28
U.S.C. § 1346(b)(1); see also Hayes v. United States, 539 F.
Supp. 2d 393, 397 (D.D.C. 2008).  The burden of proof lies on the
party bringing suit to show that the government has unequivocally
waived its immunity.  Tri-State Hosp. Supply Corp. v. United
States, 341 F.3d 571, 575 (D.C. Cir. 2003).

The D.C. Circuit has affirmed that "suits for damages
against the United Statues under the . . . Constitution and . . .
under the common law must be brought pursuant to the limited
waiver of sovereign immunity in the FTCA, which requires that the
claimant have exhausted his administrative remedies before filing
suit."  Benoit v. U.S. Dep't Agric., 608 F.3d 17, 20 (D.C. Cir.
2010) (citing McNeil v. United States, 508 U.S. 106, 113 (1993),
and citing other sources).  The district court "'lacks subject
matter jurisdiction over common law tort claims against the
United States for which a plaintiff has not exhausted his

- 10 -

administrative remedies.'" <u>Hill</u>, 562 F. Supp. 2d at 134 (quoting
<u>Hayes</u>, 539 F. Supp. 2d at 398-99).  To satisfy the administrative
exhaustion requirements, a claimant must first file "(1) a
written statement sufficiently describing the injury to enable
the agency to begin its own investigation, and (2) a sum-certain
damages claim."  <u>GAF Corp. v. United States</u>, 818 F.2d 901, 919
(D.C. Cir. 1987) (referring to 28 U.S.C. § 2675); <u>see also</u> <u>Bowden
v. United States</u>, 106 F.3d 433, 441 (D.C. Cir. 1997) (applying
the same requirements).  After presentment of the claim, the
claim must be finally denied in writing by the relevant federal
agency.  <u>Simpkins v. District of Columbia Gov't</u>, 108 F.3d 366,
370 (D.C. Cir. 1997) (citing 28 U.S.C. § 2675(a)).  The FTCA has
a two-year statute of limitations by which the claimant must have
formally brought the claim to the agency.  28 U.S.C. § 2401(b).
Furthermore, the waiver of sovereign immunity specifically does
not apply to claims for interference with contract rights.  <u>See</u>
28 U.S.C. § 2680(h); <u>Art Metal-U.S.A., Inc., v. United States</u>,
753 F.2d 1151, 1154-55 (D.C. Cir. 1985).

In this case, Bachner's claims for tortious interference
with employment contracts cannot be sustained under the FTCA due
to the explicit exception in 28 U.S.C. § 2680(h).  With regard to
his remaining pre-answer claim of malicious prosecution[3], Bachner

---

[3]Courts have generally barred malicious prosecution
counterclaims against the United States on sovereign immunity
grounds.  <u>United States v. Chilstead Bldg. Co., Inc.</u>, 18 F. Supp.

- 11 -

has not carried his burden of showing that he complied with the
FTCA's exhaustion requirements.  Bachner asserts that all of his
complaints were initially filed with the Department of Justice
Office of Professional Responsibility in a letter on February 14,
2011. (Def.'s Mem. at 2.)  However, Bachner provides neither a
copy of the letter nor any evidence that this letter satisfied
the "sum-certain" administrative presentment requirement of
informing the Justice Department of the amount of damages he
sought.

Even assuming that his letter on February 14, 2011 satisfied
the administrative presentment requirement, both the alleged
interference with Bachner's employment in 2005 and malicious
prosecution of the individual defendants in 2005 occurred before
February 14, 2009, beyond the two-year FTCA statute of
limitations.  Because Bachner did not complain of these actions
within the two-year period after they arose, he has lost the
opportunity to allege them in a counterclaim.

Because Bachner has failed timely to assert and exhaust
under the FTCA claims for events occurring before he filed his
answer, the court lacks subject matter jurisdiction over those
claims and will deny leave to file them in a counterclaim.

---

2d 210, 213 (N.D.N.Y. 1998); United States ex rel. Lazar v.
Worldwide Fin. Servs., Inc., 2007 WL 4180718, at *3 (E.D. Mich.
Nov. 26, 2007).

- 12 -

B.   <u>Matured or after-acquired counterclaims</u>

Under Rule 13(e), counterclaims which matured or were
acquired after the pleading may be asserted through supplemental
pleading in the court's discretion.   Fed. R. Civ. P. 13(e); <u>see</u>
<u>Law Offices of Jerris Leonard, P.C. v. Mideast Sys., Ltd.</u>, 111
F.R.D. 359, 362 (D.D.C. 1986) (stating that "Rule 13(a) does not
bar a party from later raising a compulsory counterclaim that
matured after the original pleading").   In deciding whether to
allow a counterclaim under this rule, a court typically considers
whether the case has proceeded to the point that allowing the
counterclaim would cause confusion, delay, complication, or
hardship.   6 Wright <u>et al.</u>, Federal Practice and Procedure § 1428
(3d ed. 2012); <u>see also</u> <u>Index Fund, Inc. v. Hagopian</u>, 91 F.R.D.
599, 606 (S.D.N.Y. 1981).

Bachner's post-answer claims include invasion of privacy and
malicious prosecution.   Bachner's privacy claim arises from a
Treasury agent's alleged harassment and intimidation of Bachner
and his family in September 2008.   Bachner's claims of malicious
prosecution are based on alleged events occurring before
February 14, 2009, including placing him on GSA's excluded
parties list in August 2006, vindictive "persecution" in April
2008, and intimidation and threats in June 2008.   All are barred
by sovereign immunity as beyond the FTCA statute of limitations.

- 13 -

Because Bachner's claims are based on actions before February 14, 2009 and he has not satisfied administrative exhaustion requirements, he may not allege them in a counterclaim.

Bachner's malicious prosecution claims based on allegations after February 14, 2009, including improper settlement tactics in April 2009, failure to supervise in May 2010 and bad faith litigation tactics in July 2010, are not similarly time-barred. Allowing the claims nevertheless would be futile.  Sovereign immunity bars them since Bachner has not shown that he has satisfied his exhaustion requirement of making a sum-certain demand.  Moreover, the claims would not survive a motion to dismiss.  Under District of Columbia law, a plaintiff must prove four elements of malicious prosecution: "(1) that the underlying suit terminated in plaintiff's favor; (2) malice on the part of the defendant; (3) lack of probable cause for the underlying suit; and (4) special injury occasioned by the plaintiff as the result of the original action."  Nader v. Democratic Nat'l Comm., 567 F.3d 692, 697 (D.C. Cir. 2009) (citing Morowitz v. Marvel, 423 A.2d 196, 198 (D.C. 1980)).  Since this suit has not terminated in his favor, these remaining malicious prosecution claims are premature and cannot be added under Rule 13(e).  See United States ex rel. Head v. Kane Co., 668 F. Supp. 2d 146, 156 (D.D.C. 2009) (finding that a counterclaim for malicious prosecution is premature when the current FCA action has not yet

- 14 -

been decided); <u>Harris v. Steinem</u>, 571 F.2d 119, 124 (2d Cir. 1978) (noting that it is well settled that a claim for malicious prosecution, "which arises out of the bringing of the main action, generally cannot be asserted either as a compulsory or a permissive counterclaim, since such a claim is premature prior to the determination of the main action").

II.  MOTION FOR THE APPOINTMENT OF AN INDEPENDENT INVESTIGATOR

Bachner asks the court to have an independent investigation launched into the Department of Justice's Second Chance FCA investigation.  (Def.'s Mem. at 29.)  To do so while Justice's investigation is ongoing and this litigation is pending would risk judicial imprudence.  But even if it did not, Bachner has provided no authority in law for the court to even be able to do what he asks.  If Bachner's request for the appointment of an independent investigator is intended as a request to appoint an independent counsel or special prosecutor under the Ethics in Government Act, 28 U.S.C. §§ 591-599, it is unavailing.  Although the "central purpose of the special prosecutor provisions of the Ethics Act is to permit the effective investigation and prosecution of high level government and campaign officials[,]" <u>United States v. Wilson</u>, 26 F.3d 142, 148 (D.C. Cir. 1994), it is well settled that a private citizen lacks standing to seek appointment of a special prosecutor under this Act.  <u>See</u> <u>Sargeant v. Dixon</u>, 130 F.3d 1067, 1069 (D.C. Cir. 1997) (citing <u>In re</u>

- 15 -

Kaminski, 960 F.2d 1062 (D.C. Cir. 1992)); see also In re Visser,
968 F.2d 1319, 1324 (D.C. Cir. 1992) (finding that a private
citizen does not have the power to compel the Attorney General to
investigate allegations and apply for appointment of independent
counsel).  The Act provides that it is the "'Attorney General
[who] shall apply to the division of the court for the
appointment of an independent counsel[.]'"  Kaminski, 960 F.2d at
1062 (quoting 28 U.S.C. § 592(c)(1)).

    Because granting Bachner's request would be inappropriate,
and Bachner presents no authority to grant it in any event, his
motion for an independent investigator will be denied.

III. MOTION FOR SANCTIONS

    Bachner seeks sanctions against the government based on
"prosecutorial misconduct" and "vexatious, malicious conduct and
malfeasance."  (Def.'s Mem. at 31.)  There are three relevant
sources of the court's sanction power -- Rule 11, Rule 37, and
the court's inherent power.  Rule 11 sanctions are appropriate
where a party files a pleading, motion or other paper with the
court for an improper purpose, that is unwarranted by existing
law, or that is lacking in evidentiary support.  Fed. R. Civ. P.
11(b)(1)-(4); see Westmoreland v. CBS, Inc., 770 F.2d 1168, 1174
(D.C. Cir. 1985); Ali v. Tolbert, 636 F.3d 622, 626 (D.C. Cir.
2011).  The court is accorded broad discretion to impose
sanctions under Rule 11.  Westmoreland, 770 F.2d at 1174.

- 16 -

Discovery sanctions are appropriate under Rule 37(b)(2)(A) where a party fails to obey a discovery order.  Fed. R. Civ. P. 37(b)(2)(A).  Rule 37 sanctions are committed to the discretion of the district court.  Bond v. District of Columbia, 93 F.3d 801, 807 (D.C. Cir. 1996).  "The central requirement of Rule 37 is that 'any sanction must be just.'"  Id. (quoting Insurance Corp. V. Compagnie des Bauxites de Guinée, 456 U.S. 694, 707 (1982)).

Finally, the district court is afforded inherent power to sanction parties for bad faith conduct.  Chambers v. NASCO, Inc., 501 U.S. 32, 44, 50 (1991).  In order to sanction conduct under this authority, the court must find, by clear and convincing evidence, that a party "committed sanctionable misconduct that is tantamount to bad faith."  Ali, 636 F.3d 622, 627; see also United States v. Wallace, 964 F.2d 1214, 1219 (D.C. Cir. 1992) (stating that "it is settled that a finding of bad faith is required for sanctions under the court's inherent powers").

While Bachner argues numerous grounds for sanctions against the government, he asserts only two claims which could be potentially redressed by sanctions under the law.  He alleges that the government lawyers made false statements to this court in August 2010 concerning the settlement between Second Chance and the United States.  (Def.'s Mem. at 23-24.)  He also argues that, despite the unsealing of grand jury investigation materials

- 17 -

involving this case, the government has failed to "release all the federal agent investigatory notes[.]"  (Def.'s Mem. at 19.) The government responds that the statements were true and that the notes are protected from disclosure under the work product privilege.  (Gov't Mem. at 30, 39-40.)

Bachner's allegations do not warrant imposing sanctions against the government.  Rule 11 reaches written representations in a "pleading, written motion or other paper[,]"  Fed. R. Civ. P. 11(b), not the oral representations of which Bachner complains.  Bachner has shown no violation by the government of any discovery order compelling production of agents' notes, nor has he shown any basis for disregarding the asserted work product privilege.  Finally, Bachner has not established sanctionable bad faith government conduct.  Bachner's motion for sanctions will be denied.

IV.  MOTION FOR RECONSIDERATION

Bachner moves for reconsideration of this court's order denying the defendants' motion to transfer venue to the Western District of Michigan.  Federal Rule 54(b) governs motions for reconsideration of interlocutory decisions. <u>Scott v. District of Columbia</u>, 246 F.R.D. 49, 51 (D.D.C. 2007) (citing <u>Cobell v. Norton</u>, 224 F.R.D. 266, 271 (D.D.C. 2004)).  Interlocutory orders may be revised "at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and

liabilities." Fed. R. Civ. P. 54(b).  Under Rule 54, a court may
reconsider an interlocutory decision "as justice requires."
<u>Capitol Sprinkler Inspection, Inc. v. Guest Servs., Inc.</u>, 630
F.3d 217, 227 (D.C. Cir. 2011) (internal citation and quotation
marks omitted).  Under this standard, reconsideration may be
warranted where the court has "'patently misunderstood the
parties, made a decision beyond the adversarial issues presented,
made an error in failing to consider controlling decisions or
data, or [where] a controlling or significant change in the law
has occurred.'"  <u>Arias v. DynCorp</u>, 856 F. Supp. 2d 46, 52 (D.D.C.
2012) (quoting <u>Negley v. F.B.I.</u>, 825 F. Supp. 2d 58, 60 (D.D.C.
2011)).  The burden is on the moving party to show that
reconsideration is appropriate and that harm or injustice would
result if reconsideration were denied.  <u>Husayn v. Gates</u>, 588 F.
Supp. 2d 7, 10 (D.D.C. 2008).  A court may deny a motion for
reconsideration when it raises "'arguments for reconsideration
the court ha[s] . . . already rejected on the merits.'"
<u>McLaughlin v. Holder</u>, Civil Action No. 11-1868 (RWR), 2012 WL
1893627, at *6 (D.D.C. May 25, 2012) (quoting <u>Capitol Sprinkler
Inspection, Inc.</u>, 630 F.3d at 227).

     Bachner does not assert that the order denying transfer of
venue is based on a misunderstanding, reached an issue not
presented by the parties, failed to consider controlling law or
facts, or has been affected by a fundamental change in the law.

- 19 -

His makes a bare, unsupported request for a "re-evaluation of the Change of Venue Motion, to the Western District of Michigan, in the interests of justice." (Def.'s Mem. at 31.)  There being no good cause shown for the request, it will be denied.

<u>CONCLUSION AND ORDER</u>

Allowing Bachner's counterclaim would be futile.  Suspending the scheduling order to permit an unauthorized appointment of an independent investigator is not warranted.  No basis for sanctions against the government or reconsideration of the order denying a venue transfer has been presented.  Accordingly, it is hereby

ORDERED that leave for Bachner to file a counterclaim be and hereby is, DENIED.  It is further

ORDERED that Bachner's motion [254] for appointment of an independent investigator, for suspension of the current scheduling order, for sanctions, and for reconsideration of the order denying a transfer of venue be, and hereby is, DENIED.  It is further

ORDERED that the government's motion [257] to dismiss and/or strike Bachner's counterclaim be, and hereby is, GRANTED.

SIGNED this 30th day of September, 2012.

_____/s/_____
RICHARD W. ROBERTS
United States District Judge