```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
```

|                                |     |                              |
|--------------------------------|-----|------------------------------|
| UNITED STATES, ex rel. WESTRICK, | )   |                              |
|                                | )   |                              |
| Plaintiffs,                    | )   |                              |
|                                | )   |                              |
| v.                             | )   | Civil Action No. 04-280 (RWR) |
|                                | )   |                              |
| SECOND CHANCE BODY ARMOR, INC., et al., | ) |                        |
|                                | )   |                              |
| Defendants.                    | )   |                              |

### MEMORANDUM OPINION AND ORDER

The government brought this action against defendants Second Chance Body Armor, Inc. and related entities (collectively "Second Chance"), Toyobo Co., Ltd. and Toyobo America, Inc. (collectively "Toyobo"), and individual defendants Thomas Bachner, Jr., Richard Davis, Karen McCraney, and Larry McCraney, alleging violations of the False Claims Act ("FCA"), 31 U.S.C. §§ 3729-33, as well as common law claims, in connection with the sale of allegedly defective body armor.[1]  The government moves for leave to file a second amended complaint that adds further factual allegations to clarify the existing claims.  Only Toyobo

---

[1] The government has settled its claims against Karen McCraney, Larry McCraney and Second Chance.

filed an opposition to the government's motion.[2] Because the proposed amendment does not fundamentally alter the scope of this action, and because Toyobo has not shown that the amendment is in bad faith, is futile, is a waste of judicial resources, or would unduly delay the litigation, the government's motion will be granted.

BACKGROUND

The background of this case is set forth fully in United States ex rel. Westrick v. Second Chance Body Armor, Inc., 685 F. Supp. 2d 129, 132-33 (D.D.C. 2010).  Briefly, the government alleges that Second Chance and Toyobo contracted for Toyobo to supply Second Chance with the synthetic fiber "Zylon" for use in manufacturing Second Chance bulletproof vests.  Id. at 132.  The government purchased the vests both through the General Service Administration's Multiple Award Schedule ("MAS") contracting program and directly from Second Chance or from Second Chance distributors.  Am. Compl. ¶¶ 27-31.  Zylon deteriorated more quickly than expected, and the government alleges that Second Chance and Toyobo knew about the prospect of accelerated degradation but concealed that information from the government. Westrick, 685 F. Supp. 2d at 132.  The first amended complaint asserts claims against all defendants for (1) violations of the

---

[2] In its Local Civil Rule 7(m) statement, the government noted that Bachner did not consent to the motion.  U.S.' Mot. for Leave to File Second Am. Compl. at 1-2.

FCA through presenting fraudulent claims, making false statements and conspiring to defraud, (2) common law fraud, and (3) unjust enrichment. Am. Compl. ¶¶ 113-30, 136-39.

Toyobo's motion to dismiss the complaint was denied. Westrick, 685 F. Supp. 2d at 142. Toyobo then filed a motion for partial summary judgment, seeking dismissal of the claims that are premised on the vests purchased through the MAS program, but not of the claims premised on vests directly purchased from Second Chance or its distributors or vests purchased by state and local law authorities with claims submitted to the government's reimbursement program. Def. Toyobo's Mot. for Partial Summ. J. at 1 & n.1. Toyobo argues, relying in large part on this court's resolution of a motion to dismiss a related complaint against Toyobo, United States v. Toyobo Co., 811 F. Supp. 2d 37 (D.D.C. 2011), that the United States has not demonstrated that Second Chance submitted any false or fraudulent invoices to the government. Toyobo contends that the invoices were neither factually nor legally false, and that the fraudulent inducement theory of FCA liability does not apply. Def. Toyobo's Mem. of P. & A. in Supp. of Mot. for Partial Summ. J. at 1-3.

In the pending motion for leave to file a second amended complaint, the government seeks to "clarify and amplify its allegations[,]" in light of the arguments made in Toyobo's partial summary judgment motion. Mem. of P. & A. in Supp. of

U.S.' Mot. for Leave to File Second Am. Compl. at 2-3. The proposed second amended complaint includes additional allegations detailing documentation, internal communications and meetings, and depositions of relevant individuals that the government contends will clarify its claims against the defendants. The United States argues that if it is granted leave to amend, Toyobo's motion for partial summary judgment will be rendered moot. U.S.' Reply in Supp. of Mot. for Leave to File Second Am. Compl. ("Govt.'s Reply") at 16.

## DISCUSSION

Under Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "It is appropriate for a Court to grant leave to amend unless there is 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure [deficiencies] by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment.'" Utterback v. Geithner, 754 F. Supp. 2d 52, 56 (D.D.C. 2010) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)). A court may also deny a motion to amend "where the only result would be to waste time and judicial resources." Ross v. DynCorp, 362 F. Supp. 2d 344, 364 n.11 (D.D.C. 2005). "Amendments that do

not radically alter the scope and nature of the action . . . are especially favored." Estate of Gaither ex rel. Gaither v. District of Columbia, 272 F.R.D. 248, 252 (D.D.C. 2011) (citing Smith v. Café Asia, 598 F. Supp. 2d 45, 48 (D.D.C. 2009)); see also Council on American-Islamic Relations Action Network, Inc. v. Gaubatz, 793 F. Supp. 2d 311, 324 (D.D.C. 2011) (noting that the addition of factual allegations that "merely fine-tune the basis for the relief [sought]," while "not likely to change the outcome of the legal issues presented," is "rarely a bad thing" and "certainly does not provide a basis for denying leave to amend").

"The decision to grant or deny leave to amend . . . is vested in the sound discretion of the trial court." Doe v. McMillan, 566 F.2d 713, 720 (D.C. Cir. 1977). Accordingly, "a court should 'determine the propriety of amendment on a case by case basis, using a generous standard[.]'" Commodore-Mensah v. Delta Air Lines, Inc., 842 F. Supp. 2d 50, 52 (D.D.C. 2012) (quoting Harris v. Sec'y, U.S. Dep't of Veterans Affairs, 126 F.3d 339, 344 (D.C. Cir. 1997)). The defendant bears the burden of showing why leave to file an amended complaint should not be granted. Café Asia, 598 F. Supp. 2d at 48.

I. IMPROPER TACTICS OR BAD FAITH

Toyobo argues that "[t]he United States' motion for leave to file a second amended complaint should be denied because it is an

admitted attempt to avoid Toyobo's motion for partial summary judgment." Def. Toyobo's Opp'n to U.S.' Mot. for Leave to File Second Am. Compl. ("Def.'s Opp'n") at 8. Toyobo cites precedent suggesting that "[a] plaintiff . . . cannot be permitted to 'circumvent the effects of summary judgment by amending the complaint every time a termination of the action threatens.'" Hoffmann v. United States, 266 F. Supp. 2d 27, 34 (D.D.C. 2003) (quoting Glesenkamp v. Nationwide Mut. Ins. Co., 71 F.R.D. 1, 4 (N.D. Cal. 1974), aff'd per curiam, 540 F.2d 458 (9th Cir. 1976)). The authority upon which Toyobo relies, however, is distinguishable from this case. The plaintiffs in Hoffmann, for example, sought in their proposed amendment to "relitigate claims" that other courts had already resolved. Hoffmann, 266 F. Supp. 2d at 35 n.9. The Hoffmann court found not only that the plaintiff's actions raised the specter of bad faith, but also that the plaintiff's amendment would cause undue prejudice and was brought after an undue delay in a series of trials lasting "for nearly twenty years." Id. at 33. Glesenkamp dealt with a plaintiff bringing two new causes of action against the defendant while having failed to present any persuasive findings of fact in support of her first claim. Glesenkamp, 71 F.R.D. at 2, 4. In the present case, the United States' claims have already survived a motion to dismiss and no new causes of action are asserted in the proposed second amended complaint.

Toyobo also cites Unique Industries, Inc. v. 965207 Alberta Ltd., 764 F. Supp. 2d 191 (D.D.C. 2011), in which a court denied a motion to amend filed when summary judgment motions were pending. Id. at 206-08 (D.D.C. 2011). However, in that case, at the time the motion to amend was filed, discovery had already closed. Id. at 208 (finding that "[t]he plaintiff's failure to seek leave to amend until after the close of discovery *and* the submission of summary judgment briefs constitutes an unjustifiable lack of diligence that plainly weighs against granting leave to amend") (emphasis added). In the present case, the government moved to amend before discovery closed. Toyobo has demonstrated neither improper tactics nor bad faith.

## II. UNDUE DELAY OR PREJUDICE

Even if the timing of a motion to amend does not support a finding of bad faith, a dilatory motive on behalf of the movant or an undue delay in filing can justify a denial of the motion. Foman, 371 U.S. at 182. Toyobo contends that because the facts the United States seeks to add to its complaint have been known to the government for some time, it is proper for the court to deny the motion on the grounds that the United States has unduly delayed its filing. The government disputes that notion on the ground that before Toyobo's partial summary judgment motion was filed, "the Government perceived no need to amend the complaint . . . because the United States had prevailed on its motion to

dismiss in this case." Govt.'s Reply at 5. The government contends that Toyobo's dispositive motion, although styled as one for summary judgment, effectively attacks the sufficiency of the government's pleadings. Id. at 2 & n.1.

Courts that have found an undue delay in filing have generally confronted cases in which the movants failed to promptly allege a claim for which they already possessed evidence. See LaPrade v. Abramson, Civil Action No. 97-10 (RWR), 2006 WL 3469532, at *5 (D.D.C. Nov. 29, 2006) (finding the motion for leave to amend dilatory and unduly delayed "because [the plaintiff] knew sufficient facts before the amendment deadline to make the claims she now seeks to add"); see also McGee v. District of Columbia, 646 F. Supp. 2d 115, 121-22 (D.D.C. 2009) (holding that "[t]he fact that claims [added] in an amended complaint are based on the same legal duties or facts asserted in the original complaint is grounds for denying leave to amend"). The United States does not seek to add any claims in its amendment; it seeks to add only factual allegations designed to clarify existing claims. See Gaubatz, 793 F. Supp. 2d at 324 (granting leave for the plaintiff to amend the complaint with "a handful of allegations . . . that are designed to flesh out the factual basis for the claims they have already asserted" in the absence of any prejudice to the defendant).

Toyobo argues that the timing of the United States' motion is prejudicial because Toyobo has "already devoted significant time and resources to the development of its defenses to the claims iterated in the amended complaint . . . , most notably evidenced in Toyobo's pending motion for partial summary judgment." Def.'s Opp'n at 10. Courts have stated, in some circumstances, that amendments that force defendants to expend additional resources qualify as prejudicial. See, e.g., Sindram v. Kelly, Civil Action No. 06-1952 (RBW), 2008 WL 3523161, at *2 n.5 (D.D.C. Aug. 13, 2008) (finding that "the defendant [would] be prejudiced by having to expend additional resources to respond to the amendment"). Toyobo cites, for example, Raney v. District of Columbia, 892 F. Supp. 283 (D.D.C. 1995), in which a court denied a defendant's motion to file an amended answer where the motion was filed three business days before trial and presented a previously-abandoned statute of limitations defense. Id. at 284-85. The court reasoned that the plaintiff "ha[d] incurred substantial legal costs in conducting discovery, attending hearings and conferences, and preparing for trial," and that "[s]uch expenditures of time and money constitute the type of prejudice the Federal Rules seek to prevent." Id. at 285.

However, an amendment is not automatically deemed prejudicial if it causes the non-movant to expend additional resources. Any amendment will require some expenditure of

resources on the part of the non-moving party. "Inconvenience or additional cost to a defendant is not necessarily undue prejudice." City of Moundridge v. Exxon Mobil Corp., 250 F.R.D. 1, 6-7 (D.D.C. 2008) (citing Hisler v. Gallaudet Univ., 206 F.R.D. 11, 14 (D.D.C. 2002) (finding that if the court "were to employ a policy of denying plaintiffs leave to amend in every situation where an amended complaint may result in additional discovery or expense, then this court would fail to abide by the legal standard of granting leave 'freely . . . when justice so requires.'")). The United States maintains that any additional expenditure by Toyobo will be minimal because "most of the facts cited in the Proposed Second Amended Complaint came from Toyobo's own documents, the deposition testimony of Toyobo's witnesses, and the depositions of *pro se* Defendants Thomas Edgar Bachner, Jr. and Richard Davis, taken by Toyobo counsel in earlier lawsuits about Zylon." Govt.'s Reply at 5; see also id. at 12 ("Toyobo will be defending against substantially similar allegations in the [separate but related] Toyobo case, in response to the amended complaint that it stipulated could be filed."). Toyobo has not demonstrated that the United States acted with undue delay, or articulated what undue prejudice would result if leave to amend is granted.

III. WASTE OF JUDICIAL RESOURCES

A court may deny a motion for leave to amend a complaint if the only effect would be a waste of judicial resources. See McGee, 646 F. Supp. 2d at 119 (holding that "[a] court considering a motion to amend a complaint should evaluate the amendment's effect on judicial resources"). Toyobo argues that the United States' motion to amend would delay the disposition of pending dispositive motions and require renewed filings, prolonging a now nine-year litigation process. Def.'s Opp'n at 13.[3]

The Seventh Circuit, affirming the denial of a motion for leave to amend filed shortly before trial, found that "[t]he burden to the judicial system can justify a denial of a motion to amend 'even if the amendment would cause no hardship at all to the opposing party.'" Perrian v. O'Grady, 958 F.2d 192, 195 (7th Cir. 1992) (quoting Tamari v. Bache & Co. (Lebanon) S.A.L., 838 F.2d 904, 909 (7th Cir. 1988)). In this case, the United States does not seek to add any additional claims to its complaint and no showing has been made that discovery would need to be re-opened if the motion to amend were granted. As there is little

---

[3] The United States does not directly respond to this charge, stating only that "[n]o waste of judicial resources will occur because Toyobo has known of and cross-examined witnesses about the new facts set forth in the Proposed Second Amended Complaint during discovery." Govt.'s Reply at 2. This implicates not judicial resources, but the resources of the defendant.

evidence that the amendment would significantly burden the judicial system, waste of judicial resources thus is not a compelling reason for the motion to be denied.[4]

IV. FUTILITY

A court may deny a motion for leave to amend if the proposed amendment would be futile. Foman, 371 U.S. at 182. An amendment is futile "if the proposed claim would not survive a motion to dismiss." James Madison Ltd. v. Ludwig, 82 F.3d 1085, 1099 (D.C. Cir. 1996). In order to survive a motion to dismiss, a complaint must provide "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Toyobo argues that because motions to dismiss brought by the defendants in three related cases were granted in part, the government's motion for leave to amend should be denied as futile as the United States is not changing the relevant theories of liability or alleging new causes of action. Def.'s Opp'n at 13 (citing Toyobo, 811 F. Supp. 2d at 46; United States

---

[4] In the interest of avoiding unnecessary delay, Toyobo's pending motions for partial summary judgment will not be denied as moot due to this opinion's granting the government leave to amend. Although the United States contends that its amended pleading resolves the arguments presented in Toyobo's first pending summary judgment motion, Govt.'s Reply at 16, the United States also stresses the substantial similarity between the factual allegations added by its amendment and the evidence that has been produced in discovery to date and of which both parties are aware, see id. at 2, 5, 11. It therefore appears likely that the material facts that are relevant to summary judgment have already been addressed by the parties in their briefing on the dispositive motions.

v. First Choice Armor & Equip., Inc., 808 F. Supp. 2d 68, 75 (D.D.C. 2011); United States v. Honeywell Int'l Inc., 798 F. Supp. 2d 12, 20 (D.D.C. 2011)). Each of the related cases, however, addressed different allegations regarding the conduct of specific parties in the Zylon manufacturing and distribution network. In this action, the United States' complaint has already survived a motion to dismiss brought by Toyobo. The proposed second amended complaint differs from the previous complaint only in that it contains additional factual allegations, but no new claims, and Toyobo has not shown that the proposed complaint would not likewise survive a motion to dismiss. Therefore, the United States' motion for leave to amend is not subject to denial on grounds of futility.[5]

## CONCLUSION AND ORDER

The proposed second amended complaint adds further factual allegations intended to clarify existing claims. Toyobo has not demonstrated that amendment is sought in bad faith or would

---

[5] Toyobo contends that "courts often apply a heightened standard of futility when a motion to amend is made after summary judgment motions have been filed." Def.'s Opp'n at 7. Toyobo relies on Glassman v. Computervision Corp., 90 F.3d 617 (1st Cir. 1996), which held that an elevated standard exists requiring motions for leave to amend filed after summary judgment motions to possess substantial merit and be supported by substantial, convincing evidence. The circumstances of Glassman are distinct from those of this case. As the government notes, Govt.'s Reply at 4 n.2, discovery was already closed in that case and the prior complaint had been dismissed. Toyobo cites no authority from this circuit for a heightened futility standard and, given that the motion for leave to amend the complaint was filed before discovery closed, no apparent grounds justify applying one here.

...

result in a waste of judicial resources or undue delay.  In addition, because the operative complaint has already survived a motion to dismiss, there are no grounds to find the proposed amendment futile.  Accordingly, it is hereby

ORDERED that the government's motion [292] for leave to file its second amended complaint be, and hereby is, GRANTED.  The Clerk is directed to file as the United States' Second Amended Complaint the third attachment [292-3] to the motion.

SIGNED this 30th day of December, 2013.

                                            _____/s/_____
                                            RICHARD W. ROBERTS
                                            Chief Judge