## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                )
UNITED STATES OF AMERICA,        )
ex rel. WESTRICK,                )
                                )
       Plaintiffs,      )
                                )
       v.               ) Civil Action No. 04-280 (RWR)
                                )
SECOND CHANCE BODY ARMOR         )
INC., et al.,                    )
                                )
       Defendants.      )
_____)
                                )
UNITED STATES OF AMERICA,        )
                                )
       Plaintiff,       )
                                )
       v.               ) Civil Action No. 07-1144 (RWR)
                                )
TOYOBO CO. LTD, et al.,          )
                                )
       Defendants.      )
_____)

## MEMORANDUM OPINION AND ORDER

The government brings actions against defendants Second Chance Body Armor, Inc. and related entities (collectively "Second Chance"), Toyobo Co., Ltd. and Toyobo America, Inc. (collectively "Toyobo"), and individual defendants Thomas Bachner, Jr., Richard Davis, Karen McCraney, and James Larry McCraney, alleging violations of the False Claims Act ("FCA"), 31 U.S.C. §§ 3729-33, as well as common law claims related to

- 2 -

allegedly defective body armor material that was made or sold by the defendants and purchased with federal funds.

In both actions, the government moves for reconsideration of this Court's September 4, 2015 opinion granting in part and denying in part Toyobo's motions for partial summary judgment, and denying the government's motions for partial summary judgment. Specifically, the government seeks reconsideration of this Court's decision to enter summary judgment in Toyobo's favor for the government's FCA claims stemming from federal agencies' purchases of Zylon body armor prior to 2002. Because the government has not fully demonstrated that reconsideration is warranted, its motion will be denied in part and reserved in part pending supplemental briefing.

<u>BACKGROUND</u>

The relevant background for both actions is detailed in <u>United States ex rel. Westrick v. Second Chance Body Armor, Inc.</u>, 685 F. Supp. 2d 129, 132-33 (D.D.C. 2010) ("<u>Second Chance I</u>"), and <u>United States v. Toyobo Co., Ltd.</u>, 811 F. Supp. 2d 37, 41-44 (D.D.C. 2011). Briefly, Second Chance and other manufacturers contracted with Toyobo to purchase Toyobo-made Zylon, a synthetic fiber, to use in manufacturing bulletproof vests. <u>Second Chance I</u>, 685 F. Supp. 2d at 132; <u>Toyobo</u>, 811 F. Supp. 2d at 41. Law enforcement agencies then purchased these

- 3 -

Zylon vests through the Multiple Award Schedule ("MAS") of the General Services Administration ("GSA") contracting program and through the Bullet Proof Vest Grant Partnership Act ("BPVGPA") program.  Toyobo, 811 F. Supp. 2d at 41.  The government alleges that Toyobo and Second Chance engaged in false and fraudulent actions in violation of the FCA.

This Court denied the government's and Toyobo's motions for partial summary judgment regarding the government's "claims for Zylon vests sold off of the General Service Administration's Multiple Award Schedule *after* a 2002 contract modification took effect[.]"  United States ex rel. Westrick v. Second Chance Body Armor Inc., et al., Civil Action Nos. 04-280 and 7-1144 (RWR), 2015 WL 5186465, at *2 (D.D.C. Sept. 4, 2015) ("Second Chance II") (emphasis added).  This Court also denied both the government's and Toyobo's motions for summary judgment regarding claims for Zylon vests purchased through the BPVGA program.  Id. However, summary judgment was granted in Toyobo's favor as to the Zylon vests sold before 2002.  Id.

The government now moves under Federal Rule of Civil Procedure 54(b) for reconsideration of this Court's decision granting summary judgment on the claims related to Zylon vests purchased before 2002.  Toyobo opposes the motion.

- 4 -

## DISCUSSION

Under Federal Rule of Civil Procedure 54(b),

> any order or other decision, however designated, that
> adjudicates fewer than all the claims or the rights
> and liabilities of fewer than all the parties does not
> end the action as to any of the claims or parties and
> may be revised at any time before the entry of a
> judgment adjudicating all the claims and all the
> parties' rights and liabilities.

Fed. R. Civ. P. 54(b).  Rule 54(b) "reflect[s] the inherent

power of the rendering district court to afford such relief from

interlocutory judgments as justice requires."  Cobell v. Jewell,

802 F.3d 12, 25 (D.C. Cir. 2015) (citation and internal

quotation marks omitted); see also Capitol Sprinkler Inspection,

Inc. v. Guest Servs., Inc., 630 F.3d 217, 227 (D.C. Cir. 2011)

(citation omitted) (stating that Rule 54(b) "recognizes [a

district court's] inherent power to reconsider an interlocutory

order 'as justice requires[]'"); Carr v. D.C., 543 F.2d 917, 925

n.55 (D.C. Cir. 1976) (noting that "interlocutory judgments are

. . . subject to the complete power of the court rendering them

to afford such relief from them as justice requires") (quoting

Advisory Committee Note to 1946 Amendment of Rule 60(b))

(internal quotation marks omitted).

Justice may require relief "when a court has 'patently

misunderstood the parties, made a decision beyond the

adversarial issues presented, made an error in failing to

- 5 -

consider controlling decisions or data, or where a controlling or significant change in the law has occurred.'"  Ali v. Carnegie Inst. of Washington, 309 F.R.D. 77, 80 (D.D.C. 2015) (quoting U.S. ex rel. Westrick v. Second Chance Body Armor, Inc., 893 F. Supp. 2d 258, 268 (D.D.C. 2012) (internal citation, quotation, and alteration omitted)); see also Cobell v. Norton, 224 F.R.D. 266, 272 (D.D.C. 2004).  "These considerations leave a great deal of room for the court's discretion and, accordingly, the 'as justice requires' standard amounts to determining 'whether [relief upon] reconsideration is necessary under the relevant circumstances.'"  Ali, 309 F.R.D. at 80 (quoting Lewis v. District of Columbia, 736 F. Supp. 2d 98, 102 (D.D.C. 2010) (quoting Cobell, 224 F.R.D. at 272)) (internal quotation marks omitted).

"At the same time, a court's discretion under Rule 54(b) is 'limited by the law of the case doctrine and subject to the caveat that where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again.'"  Id. (quoting Singh v. George Washington Univ., 383 F. Supp. 2d 99, 101 (D.D.C. 2005) (citations omitted)).  Additionally, "[t]he party seeking reconsideration bears the burden of proving that some harm would accompany a denial of the motion to reconsider ... [and] that

- 6 -

some sort of injustice will result if reconsideration is refused." Lyles v. D.C., 65 F. Supp. 3d 181, 188 (D.D.C. 2014) (quoting Isse v. Am. Univ., 544 F. Supp. 2d 25, 29 (D.D.C. 2008)) (alteration in Lyles).

The government submits three arguments in support of its motion to reconsider: (1) entering summary judgment conflicts with this Court's earlier opinion on Toyobo's motion to dismiss, Toyobo, 811 F. Supp. 2d 37 (D.D.C. 2011); (2) the court erred in failing to discuss two declarations by GSA Contract Specialist Kellie Stoker which demonstrate the government's reliance on the defendants' misconduct; and (3) Second Chance II did not discuss the warranties provided by body armor manufacturers other than Second Chance and Toyobo.  Govt.'s Mot. for Reconsideration of the Court's Sept. 4, 2015 Mem. and Order Concerning Fraudulent Inducement under the False Claims Act, Civil Action No. 04-280, ECF No. 450 ("Mot. [450]"), at 1-3; Govt.'s Mot. for Reconsideration of the Court's Sept. 4, 2015 Mem. and Order Concerning Fraudulent Inducement under the False Claims Act, Civil Action No. 07-1144, ECF No. 184 ("Mot. [184]"), at 1-3.

I.   CONFLICT WITH EARLIER DECISION

The government argues that reconsideration is warranted because this Court's entry of summary judgment allegedly conflicts with the opinion in Toyobo,  Mot. [450] at 1-2;

- 7 -

Mot. [184] at 1-2, a decision the government asserts is
"controlling."  Govt.'s Reply Brief in Support of its Mot. for
Reconsideration ("Reply [453]"), Civil Action No. 04-280, ECF
No. 453, at 3; Govt.'s Reply Brief in Support of its Mot. for
Reconsideration ("Reply [187]"), Civil Action No. 07-1144, ECF
No. 187, at 3.  The government argues that Toyobo explained that
FCA claims would exist if the government provided evidence that
"Toyobo fraudulently induced the body manufacturers other than
Second Chance to continue to sell Zylon-containing body armor"
and that "such inducement would taint all of the subsequent
Government claims relating to that manufacturer."  Mot. [450] at
1 (citing Toyobo, 811 F. Supp. 2d at 46-47); Mot. [184] at 1
(same).  The government claims that it submitted "substantial
evidence" demonstrating that Toyobo fraudulently induced body
armor manufacturers, who in turn sold vests to the government.
Mot. [450] at 2; Mot. [184] at 2.  Specifically, the government
cites testimony from "executives at four body armor
manufacturers . . . [about] their reliance on Toyobo's
misrepresentations[.]"  Mot. [450] at 6; Mot. [184] at 6.

The government's argument is unpersuasive for two reasons.
First, the government's argument that Toyobo controls whether a
claim survives the summary judgment stage is misplaced.  The
legal standards for a motion to dismiss and a motion for summary

- 8 -

judgment are different.  See Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986).  A defendant may file a motion to dismiss on the grounds that the plaintiff "fail[ed] to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  To survive a Rule 12(b)(6) motion to dismiss, a plaintiff need show only that her "factual allegations are enough to raise a right to relief beyond the speculative level[.]"  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  However, a plaintiff's complaint will not survive a motion for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Surviving a motion to dismiss does not ensure survival of a motion for summary judgment; factually sufficient claims may survive the motion to dismiss stage but fail at summary judgment:

> Before the shift to "notice pleading" accomplished by the Federal Rules, motions to dismiss a complaint or to strike a defense were the principal tools by which factually insufficient claims or defenses could be isolated and prevented from going to trial with the attendant unwarranted consumption of public and private resources.  But with the advent of "notice pleading," the motion to dismiss seldom fulfills this function any more, and its place has been taken by the motion for summary judgment[.]

Celotex, 477 U.S. at 327.  Justice does not require a court to find that a claim survives summary judgment simply because it

- 9 -

was not dismissed; doing so would render a motion for summary judgment useless as a tool for preventing "factually insufficient claims from going to trial." Id.

Second, the government insists that there exists "a triable issue of fact concerning Toyobo's fraudulent inducement of these body armor manufacturers to sell Zylon-containing body armor to the Government and to other law enforcement agencies." Mot. at 13. This Court has not stated otherwise. Second Chance II found that the government had not carried its burden to prove fraudulent inducement as to the "Second Chance Zylon vests placed on the GSA MAS before 2002[.]" 2015 WL 5186465, at *14 (emphasis added). However, regarding the government's fraudulent inducement theory as to the other vest manufacturers, Second Chance II found that "there was a factual dispute as to the nature and validity of Toyobo's assurances to the market present[ing] a genuine dispute as to material facts that cannot be resolved at the summary judgment stage." Id. at *15 (citation omitted). Second Chance II then denied Toyobo's partial motion for summary judgment on the BVPGA count. Id. The government requests reconsideration based on argument that the Court has already considered and adopted.

- 10 -

II.  THE STOKER DECLARATIONS

The government also seeks reconsideration arguing in essence that Second Chance II failed to consider controlling data.  Second Chance II concluded that "[t]he government has not presented any evidence that . . . [it] relied on the allegedly manipulated data [about Zylon degradation] when making the contract modifications to add Zylon vests to the GSA MAS."  2015 WL 5186465, at *14.  The government protests that it did present such evidence in two declarations made by GSA Contract Specialist Kelli Stoker.  See Mot. [450] at 2, 13-14; Mot. [184] at 2, 13-14.  The government asserts that the declarations demonstrate reliance by the government on Toyobo's conduct, and "how Toyobo, through its lack of disclosure of its actual Zylon degradation data and internal analyses, fraudulently induced GSA to continue to accept contract modifications, amendments and renewals for Zylon-containing vests[.]"  Mot. [450] at 2; Mot. [184] at 2.

The Court accords the government the benefit of the observation that the Second Chance II opinion granting Toyobo partial summary judgment does not discuss the Stoker declarations.[1]  That the government will receive reconsideration,

---

[1] Several other observations, though, are in order.  First, in support of its protest that it did present the Stoker

however, does not end the original inquiry.  This Court

previously noted that

> [t]o prevail under [a] fraudulent inducement theory,
> [the government] must prove not only that the omitted
> information was material but also that the government
> was induced by, or relied on, the fraudulent statement
> or omission when it awarded the contract. . . .  In
> essence, the essential element of inducement or
> reliance is one of causation.  [The government] must
> show that the false statements upon which [the
> government] relied, assuming [it] establishes that it
> did, caused [the government] to award the contract at
> the rate that it did.

---

declarations in opposing Toyobo's motions for summary judgment,
the government cites to pages in two government memoranda in
opposition to Toyobo's motions for summary judgment.  See Mot.
[450] at 2 and Mot. [184] at 2 (citing U.S. Summ. J. Oppn.,
Civil Action No. 04-280, ECF No. 357, at 40-45; U.S. Summ. J.
Oppn., Civil Action No. 07-1144, ECF No. 109, at 9-12, 34-31
[sic]).  None of the text cited in either of those government
memoranda even mentions Stoker or her declarations.  Nor,
moreover, does any of the text of a third government opposition
memorandum, see Govt.'s Oppn. to Mot. of Toyobo for Partial
Summ. J., Civil Action No. 04-280, ECF No. 293, to which the
government cites, see Mot. [450] at 14 and Mot. [184] at 14,
mention Stoker or her declarations.  Finally, while the
government did file one Stoker declaration with one of its own
three motions for summary judgment against Toyobo, nowhere is
Stoker mentioned in the text of the government's memoranda
supporting that motion.  Govt.'s Mot. for Partial Summ. J.,
Civil Action No. 07-1144, Ex. 1, ECF No. 97-1; Govt.'s Reply to
Defs.' Summ. J. Oppn., Civil Action No. 07-1144, ECF No. 114;
see Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner,
101 F.3d 145, 151 (D.C. Cir. 1996) (noting that "a district
court should not be obliged to sift through hundreds of pages of
depositions, affidavits, and interrogatories in order to make
[its] own analysis and determination of what may, or may not, be
a genuine issue of material fact" (alteration in Jackson)
(citation and internal quotation marks omitted)).

Second Chance II, 2015 WL 5186465, at *13 (quoting United States
ex rel. Thomas v. Siemens AG, 991 F. Supp. 2d 540, 569 (E.D. Pa.
2014) (citing United States ex rel. Marcus v. Hess, 317 U.S.
537, 543-44 (1943))).  Accordingly, although the government
insists that the Stoker declarations show it relied on Toyobo's
fraudulent representations, Mot. [450] at 2; Mot. [184] at 2,
the government must also show that Toyobo made fraudulent
representations or omissions.

Both parties agree that GSA did not require Second Chance
to "submit any technical testing data concerning the performance
of its body armor."  See Toyobo Defs.' SUMF in Support of Defs.'
Mot. for Partial Summ. J., Civil Action No. 04-280, ECF No. 270
¶¶ 15, 21, 23; Govt.'s Combined Separate Statement of Material
Facts in Response to Toyobo Defs.' SUMF, and in Support of
Govt.'s Statement of Facts in Oppn. to Toyobo's Mot. for Partial
Summ. J. ("Govt. SUMF"), Civil Action No. 04-280, ECF No. 295
¶¶ 19, 21, 23.  However, the government claims that "Second
Chance had submitted technical data to GSA concerning its vests,
including information concerning Zylon's performance.  Once
Second Chance had evidence that the data it submitted was not
true, it had an obligation to inform GSA."  Govt. SUMF ¶ 19; see
also Govt. SUMF ¶¶ 21, 23 (citing Carol Batesole Dep. at 53:15 -
54:18 and Govt. SUMF, Ex. 2, ECF No. 295-4, at 291); Mot. [450]

- 13 -

at 15 n.29 (claiming Toyobo shared some "false and misleading"
data through public statements about the vests' safety and
suitability and public data releases but did not disclose
internal research on Zylon); Mot. [184] at 15 n.29 (same).
Toyobo responds that withholding this degradation data cannot
constitute fraudulent inducement because the government only
considered pricing and standard commercial warranties when
including vests on its MAS.  Toyobo Defs.' Mem. of P. & A. in
Oppn. to Govt.'s Mot. for Reconsideration, Civil Action No. 04-
280, ECF No. 452, at 8 (citations omitted); Toyobo Defs.' Mem.
of P. & A. in Oppn. to Govt.'s Mot. for Reconsideration, Civil
Action No. 07-1144, ECF No. 186, at 8 (same).

        To prevail here against Toyobo, the government must show
that no material facts are in genuine dispute and that the
government is entitled by law to judgment.  To do so, the
government must demonstrate that by withholding degradation
data, Toyobo fraudulently omitted information from
representations to the government or fraudulently stated
information in representations to the government.  That requires
the government to provide further briefing identifying
specifically what information it had or knew that Toyobo's
withheld degradation data contradicted.  Additionally, the
government must elaborate on its argument that Toyobo had an

- 14 -

"obligation to inform GSA" of its degradation research.

See Govt. SUMF ¶ 19.  Specifically, the government must

establish what, if any, duty Toyobo had to disclose degradation

data to avoid making a fraudulent omission.  Ruling on this

issue will be reserved until this briefing is submitted.

III. OTHER BODY ARMOR WARRANTIES

Finally, the government offers warranties by body armor

manufacturers other than Second Chance as a basis for

reconsideration.  The government notes that Second Chance II

evaluated Second Chance's warranties but did not discuss "the

language of the warranties provided by the other body

manufacturers[,]" and insists that these warranties support its

FCA claims.  Mot. [450] at 16; Mot. [184] at 16.  The government

claims without argument or explanation that these warranties

"[a]t the very least . . . create[] a triable issue of fact as

to the falsity of these manufacturers' claims."  Mot. [450] at

18; Mot. [184] at 18.

However, the government does not explain how the Zylon vest

manufacturers' warranties demonstrate fraudulent inducement by

Toyobo.  The Zylon vest manufacturers are not defendants in this

case; rather, the government alleges that Toyobo, through its

misconduct, "knowingly caused" the Zylon vest manufacturers to

submit to the government false claims for payment.  Amended

- 15 -

Complaint, Civil Action No. 07-1144, ECF No. 73, at 3.  Simply
stating that these warranties create a triable issue of fact
does not make that conclusion true, and the government has not
provided any showing that justice requires reconsideration as to
these warranties.

CONCLUSION AND ORDER

Because the government has not fully demonstrated that
justice requires reconsideration, it is hereby

ORDERED that the government's motions [450 and 184] for
reconsideration be, and hereby are, DENIED in part insofar as
they assert a conflict with an earlier ruling and a failure to
consider other manufacturers' warranties.  It is further

ORDERED that a ruling on the government's motions [450 and
184] for reconsideration based on the Stoker declarations be,
and hereby is, RESERVED.  It is further

ORDERED that the government submit briefing on the
following issues by February 22, 2016: (1) what, if any,
information the government had that was contradicted by data
that Toyobo withheld; (2) how, if at all, the withheld data
contradicted the data within the government's possession; and
(3) what, if any, duty Toyobo had to disclose the withheld data
in order to avoid making a fraudulent omission.  Toyobo shall
have until March 3, 2016 to respond to the government's filings.

- 16 -

A response from Toyobo resting solely on the argument that
withholding degradation data was not fraudulent because this
data was irrelevant to the government will be deemed non-
responsive.

SIGNED this 11th day of February, 2016.


_____/s/_____
RICHARD W. ROBERTS
Chief Judge