UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

| | |
|---|---|
| UNITED STATES OF AMERICA, <u>ex</u> <u>rel.</u>,<br>  AARON J. WESTRICK, Ph.D.,<br><br>       Plaintiffs,<br><br>     v.<br><br>SECOND CHANCE BODY ARMOR, INC.,<br> <u>et</u> <u>al</u>.,<br><br>       Defendants. | Civil Action No. 04-0280 (PLF) |
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>     v.<br><br>TOYOBO COMPANY, LTD., <u>et</u> <u>al</u>.,<br><br>       Defendants. | Civil Action No. 07-1144 (PLF) |

MEMORANDUM OPINION AND ORDER

      This matter is before the Court on the motion [Dkt. 492 in Civil Action No. 04-0280; Dkt. 218 in Civil Action No. 07-1144] of the plaintiff United States to designate Dr. Phillip Bishop as an expert for possible rebuttal testimony at trial. The Court has carefully considered the motion of the United States and the attached exhibits ("Mot."), the opposition filed by Toyobo Company, Ltd., and Toyobo America, Inc. ("Opp."), and the reply filed by the United States. For the reasons that follow, the Court will grant the United States' motion for leave to designate Dr. Phillip Bishop as an expert for rebuttal purposes. The Court will reserve

until the conclusion of the defendants' case at trial a determination on the relevance of Dr. Bishop's opinions and the decision whether to permit him to testify as a rebuttal witness.

While the parties spend a good deal of their motions papers discussing Rule 26 of the Federal Rules of Civil Procedure, the failure of the United States to designate Dr. Bishop as an expert before the close of expert discovery, and the justification for offering him as a possible rebuttal witness less than four months before the scheduled trial, the following is clear: Dr. Bishop did not complete heat and humidity testing and submit his expert report in connection with the related case, <u>United States v. Honeywell Int'l, Inc.</u>, Civil Action No. 08-0961, until September 26, 2016. Mot., Ex. 6 at 27 [Dkt. 492-9 in Civil Action No. 04-0280; Dkt. 218-9 in Civil Action No. 07-1144]. Indeed, while two of Toyobo's experts – Dr. Robert M. Nowak and Mr. Allen L. Price – raised issues of concern to the United States as early as 2012 in their depositions, Dr. Bishop's two peer-reviewed studies relevant to those issues were not published until September 2013 and December 2014. <u>See</u> Reply at 3. It therefore was not possible for the United States to designate him as an expert and to provide his report before the close of expert discovery in this case on February 22, 2013. <u>See</u> Joint Status Report [Dkt. 338 in Civil Action No. 04-0280; Dkt. 86 in Civil Action No. 07-1144]. In addition, Dr. Bishop's report and his conclusions come as no surprise to Toyobo, inasmuch as his report was provided to counsel for Toyobo two days after it was submitted in the <u>Honeywell</u> case – by letter of September 28, 2016, more than a year ago. Mot., Ex. 7 [Dkt. 492-10 in Civil Action No. 04-0280; Dkt. 218-10 in Civil Action No. 07-1144]. Furthermore, Toyobo shortly will have access to the deposition that already has been taken of Dr. Bishop in the <u>Honeywell</u> case. <u>See</u> <u>infra</u> at 3-4. Whether the United States will seek to call Dr. Bishop to testify as a rebuttal witness in this case will depend entirely on whether Dr. Nowak, Mr. Price, or any other individual is called by Toyobo as a

2

witness at trial to testify that 40°C and 80% relative humidity testing conditions are unrealistic, extreme, or artificial. Mot., Ex. 7 at 2 [Dkt. 492-10 in Civil Action No. 04-0280; Dkt. 218-10 in Civil Action No. 07-1144].

Although the United States has failed adequately to explain why it waited nearly fourteen months – from September 28, 2016 until November 14, 2017 – to seek leave of court to designate Dr. Bishop as an expert for rebuttal purposes in this case, Toyobo has also failed in its burden to demonstrate how it has been prejudiced by this fourteen-month delay. See DAG Enters., Inc. v. Exxonmobil Corp., No. 00-cv-0182, 2007 WL 4294317, at *1 (D.D.C. Mar. 30, 2007).[1] Toyobo has been on notice since receiving the United States' letter of September 28, 2016 that the United States intended to offer Dr. Bishop as a rebuttal witness at trial under certain circumstances even if it did not obtain leave of court to add Dr. Bishop as a witness. Mot., Ex. 7 [Dkt. 492-10 in Civil Action No. 04-0280; Dkt. 218-10 in Civil Action No. 07-1144].[2] Furthermore, trial is nine weeks away; Toyobo has been in possession of Dr. Bishop's report for more than a year; and Toyobo already has two experts who have opined in this case – Dr. Nowak and Mr. Price – whom they likely could promptly employ to review and rebut Dr. Bishop's report and possible testimony. In sum, Toyobo has sufficient time before trial to counter Dr. Bishop's report. In addition, the Court will direct the United States to make the

---

[1] Despite Toyobo's suggestion to the contrary, see Opp. at 7-8, the United States is not seeking leave to prepare and serve a new or additional expert report; it relies only on the expert report of Dr. Bishop which Toyobo has had since September 2016. See Reply at 2-3.

[2] The United States has not explained whether similar studies were available around 2013, whether it attempted to retain other experts on this subject, or whether it sought to extend or reopen discovery based on ongoing testing by Dr. Bishop or by others. See Opp. at 5 n.2, 7. As noted, Toyobo nevertheless has been aware of Dr. Bishop's report and his conclusions for more than a year, and the United States may seek to introduce Dr. Bishop's testimony only if Toyobo opens the door by offering testimony that 40°C and 80% relative humidity testing conditions are unrealistic, extreme, or artificial.

transcript of Dr. Bishop's deposition from the related Honeywell litigation available immediately, and to tender Dr. Bishop for a deposition during the first two weeks of January 2018 at a time convenient to the defendants and their counsel.  For all of these reasons, it is hereby

ORDERED that the Motion of the United States [Dkt. 492 in Civil Action No. 04-0280; Dkt. 218 in Civil Action No. 07-1144] for Leave to Designate Dr. Phillip Bishop as an Expert for Rebuttal Purposes is GRANTED; and it is

FUTHER ORDERED that the United States is directed to make the transcript of Dr. Bishop's deposition from the related Honeywell litigation available immediately, and to tender Dr. Bishop for a deposition during the first two weeks of January 2018 at a time convenient to the defendants and their counsel.

SO ORDERED.

_____/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE:  December 27, 2017