UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, <u>ex</u> <u>rel.</u>, AARON J. WESTRICK, Ph.D., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 04-0280 (PLF) |
| SECOND CHANCE BODY ARMOR, INC., <u>et</u> <u>al.</u>, | ) ) ) ) | |
| Defendants. | ) ) | |

MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Motion of the United States for Leave to Supplement the Report of Joseph T. Anastasi [Docket No. 496]. The Court has carefully considered the motion, the opposition filed by Toyobo Co., Ltd. and Toyobo America, Inc., and the reply filed by the United States. The Court will grant the motion of the United States for leave to supplement the report of its expert.

Joseph Anastasi has already filed two expert reports in this case, one in March 2012 and the second in September 2012, and both are the subject of a pending motion in limine. Nothing said in this Opinion is intended to suggest how the Court might decide that pending motion. In the present motion, the United States seeks to supplement Mr. Anastasi's previously-filed reports in two respects: first, by revising the start date for his calculations to conform with this Court's July 14, 2017 ruling, see <u>United States ex rel. Westrick v. Second Chance Body Armor, Inc.</u>, 266 F. Supp. 3d 110 (D.D.C. 2017), and, second, to provide a payments analysis with respect to orders for sales to federal agencies under General Services Administration

("GSA") contracts as to which Mr. Anastasi has already provided an analysis of sales data. U.S. Memorandum at 2. Toyobo does not oppose the government's request for leave to allow Mr. Anastasi to amend his expert report by revising the start date, but it does oppose its request for leave to supplement the reports by introducing "a new payment analysis" with respect to GSA sales by Second Chance. Opp. at 2.

While this Court would not normally countenance a late supplementation to an expert report, see Minebea Co., Ltd. v. Papst, 231 F.R.D. 3, 5-6 (D.D.C. 2005) (where trial had already begun), in this case it will apply its broad discretion to permit the United States to supplement Mr. Anastasi's reports in advance of trial for a number of reasons. See DAG Enters., Inc. v. Exxonmobil Corp., Civil Action No. 00-0182, 2007 WL 4294317, at *1 (D.D.C. Mar. 30, 2007). First, all of the documents supporting Mr. Anastasi's payment analysis have been in Toyobo's possession for some time, the majority provided in August 2011, some even earlier. See U.S. Memorandum at 6. Second, as Toyobo undoubtedly understood, those documents had been or would be reviewed and summarized by a summary witness from Second Chance's bank or from law enforcement, and that summary witness would testify under Rule 1006 of the Federal Rules of Evidence. The United States proposes that Mr. Anastasi testify to these matters instead. See Reply at 3-4 & n.4. Third, the Court sees no prejudice from having Mr. Anastasi provide a report and testimony describing the payment analysis he now has done, along with the hundreds of pages of exhibits containing that analysis, based upon material Toyobo has long had in its possession. Mr. Anastasi is simply refining his opinion concerning damages or analyzing those damages in a slightly different way. See SD3, LLC v. Rea, 71 F. Supp. 3d 189, 194-95 (D.D.C. 2014); Nnadili v. Chevron U.S.A., Inc., Civil Action No. 02-1620, 2005 WL 6271043,

at *1 (D.D.C. Aug. 11, 2005). The Court therefore rejects Toyobo's claim of surprise as overblown and its assertion of prejudice as insubstantial.

Finally, if Toyobo feels the need to do so, it can re-depose Mr. Anastasi as to his new calculations in advance of the March 5, 2018 trial date. See SD3, LLC v. Rea, 71 F. Supp. 3d at 194 (one consideration is whether there is time for discovery to be briefly reopened); DAG Enters., Inc. v. Exxonmobil Corp., WL 4294317, at *1 ("[S]ince the trial has not commenced, the untimeliness of [the expert's] supplements can be cured by . . . allowing the defendants additional time to depose [the expert]. . . ."). The Court will direct the United States to tender Mr. Anastasi for a deposition within the next two weeks at a time convenient to the defendants and their counsel. For all these reasons, it is hereby

ORDERED that the United States' Motion for Leave to Supplement the Report of Joseph T. Anastasi [Docket No. 496] is GRANTED; and it is

FURTHER ORDERED that the United States is directed to tender Mr. Anastasi for a deposition during the next two weeks at a time convenient to the defendants and their counsel.

SO ORDERED.

/s/  
PAUL L. FRIEDMAN  
United States District Judge

DATE: January 17, 2018