UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                   )
UNITED STATES OF AMERICA, ex rel., )
AARON J. WESTRICK, Ph.D.,          )
                                   )
        Plaintiffs,                )
                                   )
    v.                             )   Civil Action No. 04-0280 (PLF)
                                   )
SECOND CHANCE BODY ARMOR, INC.,    )
et al.,                            )
                                   )
        Defendants.                )
_____)

MEMORANDUM OPINION AND ORDER

The Court held a motions hearing in the above-captioned case on January 25, 2018. Prior to the hearing, the United States filed a motion in limine [Dkt. No. 500] to exclude at trial any evidence relating to – and any argument concerning – the counterclaim and motion for sanctions filed by pro se defendant Thomas E. Bachner, Jr. alleging prosecutorial misconduct, tortious interference with contracts, unlawful investigatory and litigation tactics, invasion of privacy, and submission of false statements and documents. In its motion, the United States argued that, because this Court had dismissed Mr. Bachner's counterclaim and denied his sanctions motion, any related allegations would not be relevant to the trial and, if introduced, would be unfairly prejudicial.[1]

---

[1] The Court dismissed the counterclaims and denied the request for sanctions in a written Memorandum Opinion and Order issued by Judge Richard W. Roberts, to whom this case was assigned prior to his retirement, on September 30, 2012. See United States ex rel. Westrick v. Second Chance Body Armor, Inc., 893 F. Supp. 2d 258 (D.D.C. 2012).

Mr. Bachner did not consent to the government's motion. He filed a response in opposition [Dkt. No. 519] on January 18, 2018, and the United States filed a reply brief [Dkt. No. 515] on the same day. At the hearing on January 25, however, Mr. Bachner did not reassert his opposition to the motion. Rather, he explained that he would defer to the Court in limiting the trial to only those matters deemed relevant to the remaining claims in this case. Based upon his representations, as well as those of pro se defendant Richard C. Davis, the Court believes that both Mr. Bachner and Mr. Davis now understand that, at trial, the Court will require that they observe the applicable rules limiting testimony, questions, and arguments to only those matters relevant to the claims in the case.

Having reviewed the government's motion, Mr. Bachner's opposition, the government's reply, and the entire record in this case, the Court concludes that evidence and argument related to Mr. Bachner's dismissed allegations would not be relevant to the claims that remain in this case. See FED. R. EVID. 401; FED. R. EVID. 402; United States ex rel. El-Amin v. George Washington Univ., 533 F. Supp. 2d 12, 20-22 (D.D.C. 2008); Halcomb v. Washington Metro. Area Transit Auth., 526 F. Supp. 2d 24, 31 (D.D.C. 2007). Even were the Court to find such evidence marginally relevant, its probative value would be substantially outweighed by the risk of unfair prejudice to the United States at trial. See FED. R. EVID. 403; Nuskey v. Hochberg, 723 F. Supp. 2d 229, 233 (D.D.C. 2010); Halcomb v. Woods, No. 02-1336, 2009 WL 9087346, *1 (D.D.C. Oct. 30, 2009). Accordingly, it is hereby

ORDERED that the motion in limine [Dkt. No. 500] filed by the United States to exclude any evidence of the allegations made in Mr. Bachner's counterclaim or sanctions motion is GRANTED; and it is

FURTHER ORDERED that the Court EXCLUDES all evidence and any argument or references concerning Mr. Bachner's allegations against the United States for prosecutorial misconduct, tortious interference with contracts, unlawful investigatory and litigation tactics, invasion of privacy, and submission of false statements and documents by the Department of Justice attorneys in federal courts, including as alleged in Mr. Bachner's counterclaim and sanctions motion.

SO ORDERED.

_____/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: January 30, 2018