UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

UNITED STATES OF AMERICA, <u>ex</u> <u>rel</u>.,
  AARON J. WESTRICK, Ph.D.,

        Plaintiffs,

  v.                                    Civil Action No. 04-0280 (PLF)

SECOND CHANCE BODY ARMOR, INC.,
  <u>et</u> <u>al</u>.,

        Defendants.

---

MEMORANDUM OPINION AND ORDER

On January 5, 2018, plaintiff-relator Aaron J. Westrick filed a motion <u>in</u> <u>limine</u> [Dkt. No. 502] to exclude evidence of or reference to the relator's character or prior acts. The motion sought to prohibit defendants Toyobo America, Inc. and Toyobo Co. Ltd. (collectively, "Toyobo") and <u>pro</u> <u>se</u> defendants Thomas E. Bachner, Jr. and Richard C. Davis from submitting evidence, questioning witnesses, or making arguments before the jury related to four specific matters, described as: (1) the false and incendiary allegations against Mr. Westrick concerning inappropriate contact with a minor; (2) the related polygraph test taken by Mr. Davis; (3) the accidental shooting of Mr. Davis by Mr. Westrick during product testing for a bulletproof shield in 2000 or 2001 and related events; and (4) the videotape recording of a 1997 fireworks accident at a show run by Second Chance Body Armor or Mr. Davis. The United States joined Mr. Westrick's motion.

Toyobo initially consented to the relief sought regarding the first two matters. On January 19, 2018, Toyobo filed a response [Dkt. No. 517] indicating that it also consented to the

relief sought regarding the third and fourth matters. In doing so, however, Toyobo noted that it reserved the right under the applicable Federal Rules to introduce evidence and testimony at trial concerning Mr. Westrick's credibility and character for truthfulness other than the four specific matters raised in the instant motion. Mr. Bachner emailed his response [Dkt. No. 520] to the motion in limine on January 20, 2018, and it was docketed on January 22, 2018. In his response, Mr. Bachner expressly stated that he does not oppose the relief sought regarding the first two matters. His response does not address, and thus does not provide any substantive opposition to, the relief sought regarding the third and fourth matters. Although Mr. Davis was served with the motion in limine, he has not filed any response or opposition.

Considering the consent of Toyobo and the lack of opposition from any other party, the Court treats the motion in limine as conceded with regard to the allegations against Mr. Westrick concerning inappropriate contact with a minor and the related polygraph test taken by Mr. Davis. The Court thus turns to the remaining two matters – the accidental shooting and the fireworks accident.

Rule 404 of the Federal Rules of Evidence prohibits a party from introducing evidence of a person's character, including evidence of a crime, wrong, or other act, to prove that on a particular occasion the person acted in accordance with that character trait. As a result, Rule 404(b) permits admission of evidence of a crime, wrong, or other act only in limited circumstances. FED. R. EVID. 404(b). In determining whether such evidence is admissible under Rule 404(b), the Court applies a two-step analysis. First, the Court must determine whether "the evidence [is] probative of some material issue [in the case] other than character." United States v. Clarke, 24 F.3d 257, 264 (D.C. Cir. 1994). Evidence of a crime, wrong, or other act may be used to prove, for example, "motive, opportunity, intent, preparation, plan, knowledge, identity,

or absence of mistake or accident." See FED. R. EVID. 404(b). This is not an exclusive list of permissible purposes, however, so long as the evidence is not offered solely to prove character or criminal propensity. See United States v. Miller, 895 F.2d 1431, 1436 (D.C. Cir. 1990); cf. United States v. Mahdi, 598 F.3d 883, 891 (D.C. Cir. 2010); United States v. Pettiford, 517 F.3d 584, 588-89 (D.C. Cir. 2008). Second, if the Court determines that the evidence is admissible for a relevant and proper purpose, the Court must decide whether it nevertheless should be excluded under Rule 403 of the Federal Rules of Evidence because "its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403; see also United States v. Clarke, 24 F.3d at 264 ("The second step requires that the evidence not be inadmissible under Rule 403."). Because virtually all material evidence is prejudicial in one way or another, Rule 403 applies only where the prejudice is unfair. See United States v. Pettiford, 517 F.3d at 590; United States v. Cassell, 292 F.3d 788, 796 (D.C. Cir. 2002).

Here, both the accidental shooting and the fireworks accident occurred more than fifteen years ago (the former in 2000 or 2001 and the latter in 1997). No further civil, administrative, or criminal investigations have occurred, nor have any charges been brought against Mr. Westrick for the underlying conduct. The Court thus finds that both incidents are irrelevant to the matters at issue in this False Claims Act case, see FED. R. EVID. 401; FED. R. EVID. 402, and are not offered for any purpose other than as improper character evidence, see FED. R. EVID. 404(b). Furthermore, even if such evidence were relevant and offered for a proper purpose, any probative value would be substantially outweighed by the risk of unfairly prejudicing Mr. Westrick and confusing the jury if presented at trial. See FED. R. EVID. 403; United States ex rel. El-Amin v. George Washington Univ., 533 F. Supp. 2d 12, 45-47 (D.D.C.

3

2008). Evidence of the accidental shooting and the fireworks accident, therefore, is inadmissible under Rule 404(b) and Rule 403.

The only potential ground for admission of this evidence would be Rule 608(b) of the Federal Rules of Evidence. Rule 608(b) provides, in relevant part:

> [E]xtrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness. But the court may, on cross-examination, allow them to be inquired into if they are probative of the character for truthfulness or untruthfulness of: (1) the witness; or (2) another witness whose character the witness being cross-examined has testified about.

Neither the accidental shooting nor the videotape of the fireworks are probative of Mr. Westrick's character for "truthfulness or untruthfulness." Furthermore, as discussed above, even were this evidence marginally relevant, the Court would exclude it under Rule 403 because its probative value is far outweighed by the risk of unfairly prejudicing Mr. Westrick and confusing the jury. See FED. R. EVID. 403; United States v. O'Neal, 844 F.3d 271, 276 (D.C. Cir. 2016).

For all of the foregoing reasons, it is hereby

ORDERED that Mr. Westrick's motion in limine [Dkt. No. 502] to exclude evidence of or reference to his character or prior acts is GRANTED; and it is

FURTHER ORDERED that Toyobo, Mr. Bachner, and Mr. Davis shall be prohibited, pursuant to Federal Rules of Evidence 401, 402, 403, 404(b), and 608(b), from introducing any evidence, questioning any witness, or presenting any argument to the jury regarding: (1) the allegations against Mr. Westrick concerning inappropriate contact with a minor; (2) the related polygraph test taken by Mr. Davis; (3) the accidental shooting of Mr. Davis by Mr. Westrick during product testing for a bulletproof shield in 2000 or 2001 and all related

4

events; and (4) the videotape recording of a 1997 fireworks accident at a show run by Second Chance Body Armor or Mr. Davis.

SO ORDERED.

_____/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: February 1, 2018