UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                            )
UNITED STATES OF AMERICA, ex rel.,          )
AARON J. WESTRICK, Ph.D.,                   )
                                            )
        Plaintiffs,                        )
                                            )
   v.                                       )   Civil Action No. 04-0280 (PLF)
                                            )
SECOND CHANCE BODY ARMOR, INC.,             )
et al.,                                     )
                                            )
        Defendants.                        )
_____)

MEMORANDUM OPINION AND ORDER

        This matter comes before the Court on the motion in limine [Dkt. No. 376] filed by the United States to exclude pro se defendants Thomas Edgar Bachner, Jr. and Richard C. Davis from testifying as their own expert witnesses at trial. In its motion, the United States argued that Mr. Bachner and Mr. Davis, as pro se parties, should not be permitted to also serve as their own expert witnesses under Rule 702 of the Federal Rules of Evidence. In addition, it maintained that Mr. Bachner's repudiation of his prior testimony made him an unreliable witness and that, regardless, neither of the pro se defendants had made the expert disclosures required by Rule 26(a)(2)(C) of the Federal Rules of Civil Procedure. Mr. Bachner and Mr. Davis filed a joint response in opposition [Dkt. No. 406], to which the United States filed a reply brief [Dkt. No. 417]. The Court held a motions hearing at Mr. Bachner's request on January 25, 2018. At the hearing, the relator joined the government's motion in limine.

        At the motions hearing, Mr. Bachner offered his updated curriculum vitae, dated December 27, 2017, which the Court admitted as Exhibit 1 for purposes of the hearing. Mr.

Bachner discussed his many qualifications, including his bachelor's degree in chemistry and his fifty-year career involving both the technical and business aspects of the technical textile industry. After graduating from college, Mr. Bachner spent a quarter of a century working for DuPont in various capacities – as a chemist and in technical services, marketing, business product strategies, and account management, including in supervisory and managerial roles. He then served for over a decade as a Vice President at Second Chance Body Armor, Inc. All together, Mr. Bachner has three decades of experience specifically related to ballistics manufacturing and body armor and holds numerous related patents, including eighteen United States patents. Mr. Bachner also represented that Mr. Davis, who joined the hearing by phone, had been a founder in the industry of modern body armor design and had received some of the original patents in the field.

At the conclusion of Mr. Bachner's direct representations to the Court, counsel for the United States clarified that it did not seek to preclude fact or opinion testimony regarding what Mr. Bachner and Mr. Davis personally knew or had observed, including discussions of events in which they had personally participated and their own ballistic testing, test results, and certification data. Rather, the United States only objected to opinions for which the pro se defendants lacked personal knowledge, due to the prejudice and confusion such testimony would create. Counsel further explained that neither Mr. Bachner nor Mr. Davis had provided a copy of Mr. Davis's curriculum vitae or a summary of the facts and opinions to which either party expected to testify as an expert.[1]

---

[1] On September 9, 2011, Mr. Bachner emailed counsel for the United States a letter, admitted as Exhibit 2 at the hearing, stating that both he and Mr. Davis intended to be designated as expert witnesses, as well as fact witnesses, at trial. The brief letter stated that the two pro se defendants were qualified as experts in the following subjects: "protective vest design, new and used armor testing, anti-ballistic materials, body armor wearability, body armor

2

The United States then called Mr. Bachner as a witness, explaining that it intended to ascertain what opinions he sought to offer as an expert and identify how his expert testimony had changed over time. When asked what specific expert opinions he expected to offer at trial, Mr. Bachner maintained that he would not be able to provide any specific opinions in advance of trial and also represented that he lacked personal knowledge of certain matters. Specifically, Mr. Bachner represented the following:

> (1) He had not reviewed the expert reports prepared by Alan L. Price, would not do so in advance of trial, and would not use them as a source of any opinion offered at trial;
>
> (2) He would not offer any opinion about the Zylon vest prepared by Mr. Price for purposes of litigation and did not have a personal knowledge basis to do so;
>
> (3) He would not offer any opinion about the PSP vest containing a desiccant at trial, including as discussed in the report prepared by Bradley S. Field for purposes of litigation, and did not have a personal knowledge basis to do so;
>
> (4) He had no personal involvement in or personal knowledge of what went on in the TSWG project testing, other than his reading of published reports and discussions with Kirk D. Rice and Michael A. Riley;

---

SAVES, weapons, bullets and ballistics, and opinions related to the various government agencies, and their actions, involved in the same subjects." Mr. Bachner attached a copy of his curriculum vitae to the letter, but did not attach a copy of Mr. Davis's curriculum vitae. The letter also sought to designate Mr. Massad Ayoob as an expert witness. Magistrate Judge Alan Kay, however, issued a memorandum order [Dkt. No. 313] on July 16, 2012, granting the United States' motion to compel a written expert witness report from pro se defendants' expert witness Massad Ayoob or to strike his designation as an expert. The memorandum order directed that if the pro se defendants did not provide a written expert witness report for Mr. Ayoob within ten days, his "designation as an expert witness shall be striken." Thereafter, the United States filed a notice [Dkt. No. 316] on August 13, 2012, declaring that it had not received the expert report. Accordingly, Mr. Ayoob will not be permitted to testify as an expert in this case. The Court notes, however, that he may testify as a fact witness, if either Mr. Bachner or Mr. Davis chooses to call him and he has relevant testimony to offer.

(5) He had no personal knowledge of the testing that was done by Natick on Kevlar, Zylon, or any other ballistic material, other than his reading of certain research reports;

(6) He had no personal knowledge of the testing behind the published NIST reports, other than his conversations with Mr. Rice and Dr. Riley; and

(7) He had no personal knowledge that the United States was testing used vests, other than his conversations with Lance Miller and "probably" Mr. Rice, which he was not able to clearly recall.

After Mr. Bachner continued to assert that he could not provide a specific opinion in advance of trial, the Court interjected to explain that the Federal Rules of Civil Procedure required that expert witnesses make certain disclosures in advance of trial and, under these Rules, the United States had a right to this information, as would any other opposing party. The Court briefly explained the reasons for this requirement, including the Court's role as gatekeeper in determining what a jury will be permitted to hear from an expert witness at trial. It appeared, the Court noted, that Mr. Bachner and Mr. Davis might be using the term "expert" colloquially, and did not understand the implications of the legal term of art under the Federal Rules and as established by the United States Supreme Court. The Court then clarified that, even if they were not designated as experts, Mr. Bachner and Mr. Davis would still be permitted to testify as to their backgrounds and career histories, their various roles and how their positions evolved and their knowledge developed over time, and any facts or opinions based on their personal knowledge and experiences. The Court explained: "[T]he question is whether I'm going to let the jury be told you're an expert or whether I'm instead going to let the jury be told you're a very experienced man who spent fifty years in this company and knows a lot, but we're not going to give you that extra imprimatur of being called an expert."

At that point in the hearing, counsel for the United States proposed that, with time for the pro se defendants to consult with one another, perhaps all parties might agree that Mr. Bachner and Mr. Davis be permitted to testify about their backgrounds and the things of which they have personal knowledge, but not permitted to offer opinions as traditional expert witnesses on matters about which they had no basis in personal knowledge. The Court reiterated that, regardless of their expert designations, Mr. Bachner and Mr. Davis would be permitted to testify as fact witnesses – discussing facts and opinions for which they had personal knowledge or involvement, after first describing their background and experiences and the relevant context. After a short recess, Mr. Bachner and Mr. Davis both represented to the Court that they wished to withdraw their expert designations. The Court then further clarified that, as pro se defendants, they wore two hats: they would be permitted to testify as witnesses on their own behalves, and also to call witnesses of their own, question any witness called by any party at trial, and make arguments on their own behalves.

Because Mr. Bachner and Mr. Davis have withdrawn their expert designations in this case, the Court may deny the motion in limine of the United States as moot. In doing so, however, the Court notes that the motion did not entirely lack merit. It does not appear that either Mr. Bachner or Mr. Davis complied with the requirements of Rule 26 of the Federal Rules of Civil Procedure governing expert witness designation. Rule 26(a)(2)(C) provides that non-retained experts, although not required to provide a written report, must disclose "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." Mr. Bachner did send a letter designating himself and Mr. Davis as experts, and the pro se defendants' joint opposition did appear to identify some facts and opinions to which they

would seek to testify at trial. At the January 25 hearing, however, Mr. Bachner asserted on numerous occasions, and in response to numerous questions posed by counsel for the United States, that he was unable to provide specific opinions in advance of trial. And while Mr. Bachner did provide a copy of his own curriculum vitae, no curriculum vitae was offered for Mr. Davis by either pro se defendant. Furthermore, the Court cannot accept any representations made by Mr. Bachner on Mr. Davis's behalf, as each pro se defendant may speak only for himself. See 28 U.S.C. § 1654; Stoddard v. Dist. of Columbia Pub. Def. Servs., 535 F. Supp. 2d 116, 117 n.1 (D.D.C. 2008). Putting Mr. Bachner's representations aside, therefore, Mr. Davis has not provided any indication of his own intention to designate himself or others as experts beyond the pro se defendants' joint opposition to the government's motion in limine. As a result, had they not withdrawn their expert designations, the Court likely would have precluded Mr. Bachner and Mr. Davis from testifying as expert witnesses because of their failures to satisfy the requirements of Rule 26(a)(2)(C). See FED. R. CIV. P. 37(c)(1); Shepeard v. Labette Cty. Med. Ctr., No. 11-1217, 2013 WL 881847, at *1-2 (D. Kan. Mar. 7, 2013).

  Even if Mr. Bachner and Mr. Davis had complied with the requirements of Rule 26, their expert opinions would likely be precluded under Rule 403 of the Federal Rules of Evidence. Due to their status as pro se parties, permitting Mr. Bachner and Mr. Davis to serve as expert witnesses in this case – in addition to their roles as both defendants and advocates – would likely be "unfairly prejudicial, misleading[,] and confusing to the jury." See Kranis v. Scott, 178 F. Supp. 2d 330, 334 (E.D.N.Y. 2002); see also Zhang v. Honeywell Int'l, Inc., Nos. 06-1181, 07-1790, 2008 WL 2699398, at *1 (D. Ariz. June 30, 2008).

  Although Mr. Bachner and Mr. Davis are not designated as experts in this case, the Court recognizes its obligation to provide pro se litigants with somewhat more latitude than

is provided to litigants represented by counsel and the "importance of providing pro se litigants with the necessary knowledge to participate effectively in the trial process." See Moore v. Agency for Int'l Dev., 994 F.2d 874, 876 (D.C. Cir. 1993); see also Flores v. Att'y Gen., 473 Fed. App'x 5, 6 (D.C. Cir. 2012). Thus, the Court seeks to make a few points clear. As fact witnesses, Mr. Bachner and Mr. Davis may each testify as to matters on which they can demonstrate that they have personal knowledge. See FED. R. EVID. 602. This applies not only to testimony regarding facts, but also to opinions: both Mr. Bachner and Mr. Davis will be permitted to testify as to their opinions at trial, so long as those opinions are rationally based on the testifying party's perception (that is, on his first-hand knowledge) and helpful to the jury in clearly understanding his testimony or determining a fact in issue. See FED. R. EVID. 701. In addition, as pro se parties, both Mr. Bachner and Mr. Davis will be entitled to question any witness presented by any party at trial and both will be entitled to make arguments on their own behalves, provided that those questions and arguments are relevant and otherwise in accordance with the applicable federal and local court rules and the rulings of this Court.

For the foregoing reasons, it is hereby

ORDERED that the motion in limine [Dkt. No. 376] filed by the United States to exclude pro se defendants Thomas Edgar Bachner, Jr. and Richard C. Davis from testifying as their own expert witnesses at trial is DENIED AS MOOT; it is

FURTHER ORDERED that Mr. Bachner may testify as to matters on which he can demonstrate that he has personal knowledge, including his opinions, so long as those opinions are rationally based on his own perceptions and otherwise admissible under the Federal Rules of Evidence; it is

FURTHER ORDERED that Mr. Davis may testify as to matters on which he can demonstrate that he has personal knowledge, including his opinions, so long as those opinions are rationally based on his own perceptions and otherwise admissible under the Federal Rules of Evidence; and it is

FURTHER ORDERED that Mr. Bachner and Mr. Davis will not be qualified as experts. As a result, neither Mr. Bachner nor Mr. Davis may offer any opinion testimony unless he can demonstrate that he has personal knowledge of the matter. Neither Mr. Bachner nor Mr. Davis may refer to himself as an "expert witness" or "expert." The Court further reminds Mr. Bachner and Mr. Davis that, as they both acknowledged at the January 25 hearing, the Court will require that they observe the applicable rules limiting testimony, questions, and arguments at trial to only those matters relevant to the claims in the case. Should either Mr. Bachner or Mr. Davis have questions regarding the permissible scope of their testimony, questions, or arguments, they may raise such questions with the Court in advance of trial in a written filing, at the pretrial conference on February 22, 2018, or out of the presence of the jury at trial.

SO ORDERED.

_____/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: February 1, 2018