UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

UNITED STATES OF AMERICA, ex rel.,
AARON J. WESTRICK, Ph.D.,

    Plaintiffs,

v.

SECOND CHANCE BODY ARMOR, INC.,
et al.,

    Defendants.

Civil Action No. 04-0280 (PLF)

---

## MEMORANDUM OPINION AND ORDER

At the conclusion of a motions hearing held before the Court on January 25, 2018, the United States requested that the Court impose certain procedures on the two pro se defendants, Thomas E. Bachner, Jr. and Richard C. Davis, in advance of trial. This opinion addresses those requests.

Specifically, counsel for the United States requested that the Court require Mr. Bachner and Mr. Davis to submit their opening statements, closing arguments, and direct testimony in writing to the Court (but not to counsel for the other parties) in advance of trial. It also asked the Court to require Mr. Bachner and Mr. Davis to submit, in writing and in advance of trial, any questions they wish to ask the witnesses they intend to call and those witnesses called by other parties (or at least a list of the topics they intend to cover in their examination of witnesses). According to the United States, these procedures are appropriate because, at depositions, Mr. Bachner and Mr. Davis asked witnesses questions that focused on extraneous, and at times inflammatory, matters. Finally, the United States suggested that Mr. Bachner and

Mr. Davis file their own pretrial statement, rather than requiring counsel for the United States, the relator Aaron J. Westrick, and Toyobo America, Inc. and Toyobo Co. Ltd. (collectively, "Toyobo"), to confer with Mr. Bachner and Mr. Davis to prepare a joint pretrial statement. The United States is concerned that communications with Mr. Bachner and Mr. Davis, and any attempt to reach consensus with them, would be difficult or delay the process. It is unclear whether the United States also applies this argument to the ongoing efforts of counsel for the United States and Toyobo to develop a written questionnaire and brief statement of the case to be provided to prospective jurors. Counsel for Toyobo did not express similar concerns. Rather, they represented that they would include Mr. Bachner and Mr. Davis in the process of creating not only the joint pretrial statement, but the jury questionnaire and statement of the case.

While the Court understands the concerns expressed by the United States in light of the sometimes contentious history of this litigation, the representations made by Mr. Bachner and Mr. Davis at the January 25 hearing lead the Court to believe that both of them now have a better understanding of courtroom and trial procedures. The Court believes that, as Mr. Bachner and Mr. Davis represented to the Court, they are prepared to defer to the Court with respect to pretrial and trial procedures and in determining what matters are relevant to the claims and defenses in this case. As non-lawyers, they are not schooled in trial procedures or in the rules of evidence. But the Court takes them at their word that they will attempt to comply with those procedures and rules and with the rulings issued by this Court. Specifically, the Court directs the parties to the guidance provided by the Court in the Memorandum Opinion and Order [Dkt. No. 522] issued on January 30, 2018, and the two additional Memorandum Opinions and Orders [Dkt. Nos. 525 & 526] issued earlier today.

During trial, the Court will continue its efforts to explain the appropriate procedures and the Court's rulings to Mr. Bachner and Mr. Davis out of the presence of the jury. See, e.g., Moore v. Agency for Int'l Dev., 994 F.2d 874, 876 (D.C. Cir. 1993) (explaining that the trial court should provide pro se litigants "with the necessary knowledge to participate effectively in the trial process"). Mr. Bachner and Mr. Davis must understand, however, that a trial is different from a deposition. Only truly relevant matters may be discussed or inquired about at trial, and it is the responsibility of the Court to keep the proceedings proper and to ensure that everyone follows the rules. Efforts to veer into irrelevant or inflammatory matters may prejudice the jury against one side or the other and undermine the ability of everyone to obtain a fair trial. As the Court explained at the January 25 hearing:

> This case has gone on for a long time. There are some tensions and some bad feelings, but when we get to the jury, I'm going to do my best, and I hope everybody else will, too, to stick to what's relevant in terms of the claims in the case and . . . for the lawyers to act like professionals and for everybody to act civilly, because . . . in my experience, it doesn't do anybody any good to convey to the jury a personality that they're not going to like or at least respect. . . . This is a case that's [got] some complexities and some technical stuff that we all have to keep in mind the jury is not as steeped in as Mr. Bachner and Mr. Davis or some of the expert witnesses or as some of the lawyers have become over the years, and so [the jury is] going to appreciate everybody trying to keep to the relevant and to keep the case as focused as possible.

The Court now turns to the specific requests made by counsel for the United States. First, the Court's Pretrial Scheduling Order [Dkt. No. 489] issued on October 16, 2017, requires the parties to file a joint pretrial statement on or before February 12, 2018.[1] In preparing that joint pretrial statement, all parties are required to follow the provisions of Local Civil Rule 16.5, which are summarized in paragraph 2 of the Pretrial Scheduling Order. With respect to

---

[1] The Court has attached a copy of the Pretrial Scheduling Order to this Memorandum Opinion and Order as a reference.

some of the matters that must be included in the joint pretrial statement, consultation and an effort to reach agreement are required. As one example, all parties must agree to a concise statement of the facts giving rise to the litigation. With respect to other matters, however, each party may draft its or his own portion of the document and then, after any necessary discussion and coordination, counsel for either the United States or Toyobo will incorporate everything into a single document. Examples of portions of the joint pretrial statement that may be independently drafted by a particular party include: the statement of claims, the statement of defenses, the list of witnesses each party intends to call, the list of exhibits each party seeks to offer, a designation of portions of depositions each party intends to offer in evidence, a list of motions to be decided before trial, and the proposed <u>voir dire</u> questions to be asked of prospective jurors. <u>See</u> Pretrial Scheduling Order ¶¶ 2, 5. Considering this list, it is only logical to assume that Mr. Bachner and Mr. Davis will want to consult with counsel for Toyobo to prepare much if not all of the joint pretrial statement – many of the witnesses Toyobo intends to call and the exhibits it intends to offer, for example, will likely be the same as those Mr. Bachner and Mr. Davis plan to call and offer. Counsel for Toyobo have represented that they will work with Mr. Bachner and Mr. Davis on the joint pretrial statement.

At this stage, the Court will not require Mr. Bachner or Mr. Davis to provide the Court with their opening statements, closing arguments, or their own testimony in writing. Not even experienced lawyers have everything scripted on the first day of trial, let alone far enough in advance of trial to have the Court review it all. The United States knows the issues the <u>pro se</u> defendants raised during depositions, and it knows which of those issues it believes to be inflammatory or irrelevant to the claims and defenses at trial. In fact, the Court has very recently decided two motions <u>in limine</u> filed by the United States, as well as one motion <u>in limine</u> filed by

4

the relator which the United States joined, seeking to exclude certain matters. Therefore, rather than put the burden on Mr. Bachner and Mr. Davis, the Court will require the United States to file an additional motion in limine should it seek to exclude references to any additional matters about which it is concerned. In view of their statements at the January 25 hearing, the Court expects that Mr. Bachner and Mr. Davis may agree with the United States on many of these issues and commit to not reference them in their statements, questions, or testimony before the jury. To the extent there are disputes, however, the Court will make clear what is permissible and what is not – that is, what topics, events, and issue are appropriate and what are beyond the scope of the case, irrelevant, inflammatory, or unfairly prejudicial. Should the Court have remaining concerns, it then will consider the alternatives proposed by the United States.

Cross-examination of witnesses is a more complicated matter. Even for lawyers who have carefully prepared and know the subjects they may need to cover with a particular witness, it is impossible to finally decide what questions to ask on cross-examination until after that witness has testified on direct examination. In this case, the Court suggests that counsel for Toyobo cross-examine witnesses presented by the United States or the relator first and that Mr. Bachner and Mr. Davis follow with any questions that have not already been asked. In a multi-defendant case with lawyers for represented parties, the Court similarly requires one counsel to take the lead with respect to each witness and the second and third lawyers not to be repetitive. The same will be true in this case with respect to counsel for Toyobo and the pro se defendants.

As for the direct testimony of Mr. Bachner and Mr. Davis, in non-jury trials this Court and others at times require that direct testimony be provided in writing in advance of trial. See, e.g., Chevron Corp. v. Donziger, 883 F.3d 74, 85 (2d Cir. 2016). As mentioned at the January 25 hearing, Mr. Bachner and Mr. Davis have not yet advised the Court and other parties

whether each of them would prefer his direct testimony to be given as a narrative statement under oath or in a question-and-answer format. If the former, it may be appropriate to require that the written narrative be submitted in advance for review by the Court (but not by counsel for the other parties). If not a written narrative, at the very least it seems likely that Mr. Bachner and Mr. Davis may wish to prepare for their testimony by making an outline or a list of the events and topics they intend to describe to the jury when they testify under oath. In the alternative, in a question-and-answer format, Mr. Bachner and Mr. Davis could write out questions in advance for the Court to ask each of them when it is their turn to testify. With this format, the jury may better understand the difference between evidence (in the form of sworn testimony given by Mr. Bachner or Mr. Davis on the witness stand) and arguments and statements made by Mr. Bachner or Mr. Davis from the lectern (each acting in his capacity as his own lawyer). The Court urges Mr. Bachner and Mr. Davis to consider the two alternative ways to proceed as witnesses – by narrative or question-and-answer format, or perhaps by other methods they might propose – and be prepared to discuss them at the final pretrial conference on February 22, 2018.

Accordingly, it is hereby

ORDERED that the Court will DENY WITHOUT PREJUDICE the request of the United States to impose certain procedures for trial on Mr. Bachner and Mr. Davis. The parties shall confer and file one joint pretrial statement on or before February 12, 2018. In addition, the parties shall confer and file one joint proposed jury questionnaire and statement of the case on or before February 15, 2018. Neither Mr. Bachner nor Mr. Davis will be required to submit their proposed opening statements, closing arguments, testimony, or questions for witnesses at this time. Should the United States have concerns regarding specific matters not already addressed by this Court, it may file an additional motion in limine on or before February 15, 2018. The

Court directs Mr. Bachner and Mr. Davis to each consider his preferred format for offering his direct testimony and be prepared to discuss the matter at the final pretrial conference on February 22, 2018.

SO ORDERED.

/s/ Paul L. Friedman
PAUL L. FRIEDMAN
United States District Judge

DATE: 2/1/18

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ex rel., <br> AARON J. WESTRICK, Ph.D., <br><br> Plaintiffs, <br><br> v. <br><br> SECOND CHANCE BODY ARMOR, INC., et al., <br><br> Defendants. | Civil Action No. 04-0280 (PLF) |

## PRETRIAL SCHEDULING ORDER

This case came before the Court on October 12, 2017 for a status conference. Based upon the representations of counsel, it is hereby ORDERED that

1. This action is set for pretrial conference on February 22, 2018, at 10:00 a.m. The case is set for a jury trial to begin on March 5, 2018, beginning at 9:30 a.m. The trial will continue through March and April, until concluded. Counsel anticipate that the trial should last no more than six weeks and probably less. The Court will not sit on March 16, 23 or 30, April 2, 12 or 13.

2. In connection with the pretrial conference, counsel for all parties shall file a joint pretrial statement by February 12, 2018. Counsel are reminded that they are required to follow the provisions of Local Civil Rule 16.5 in preparing their joint pretrial statement. The joint pretrial statement shall contain:

   a. A description of the remaining parties and the remaining claims before the Court.

b. A concise statement of facts alleged to give rise to the litigation, a statement of claims and a statement of defenses as set forth in Local Civil Rule 16.5(b)(1)-(4). Special damages must be itemized, and injuries, if claimed, must be described.

c. All stipulations of fact and law.

d. The names of all known witnesses, their addresses, a brief summary of expected testimony and an estimate of time each witness will take, and, if expert, the area of expertise, in the manner described in Local Civil Rule 16.5(b)(5). If request has been made, Rule 26 information must be provided before the pretrial conference date.

e. A list of proposed exhibits in the manner described in Local Civil Rule 16.5(b)(6). Pursuant to Local Civil Rule 16.5(e), all objections to the authenticity of documents and the admissibility of trial exhibits, except on grounds of relevance, must be made at or before the pretrial conference. At the pretrial conference, counsel must jointly provide the Court with two notebooks, each containing a copy of all exhibits that either side will seek to introduce and an index or table of contents to the notebook, and two notebooks containing excerpts from any depositions that either side may seek to introduce.

f. A designation of depositions, or portions thereof, to be offered by either party, as described in Local Civil Rule 16.5(b)(7). Pursuant to Local Civil Rule 16.5(e), all objections to the use of depositions must be made at or before the pretrial conference.

g. A final estimate of trial time.

h. A statement of the parties' efforts to settle this case.

i. A list of motions to be decided at or before the commencement of trial.

3. Unless excused in advance by the Court on motion, representatives of the plaintiffs and a representative of the defendants with settlement authority must attend the pretrial conference.

4. Counsel may submit separate trial briefs or memoranda of law, as well as any motions to be decided before trial and any motions in limine, addressing legal issues that they believe the Court should consider prior to the commencement of trial. The plaintiffs' pretrial brief and motions shall be filed on or before February 5, 2018. The defendants' oppositions and response brief shall be filed on or before February 12, 2018. The plaintiffs' replies shall be filed on or before February 20, 2018.

5. Counsel shall submit on or before February 12, 2018 proposed, and agreed upon, voir dire questions and jury instructions, together with objections thereto and supporting memoranda of law, if appropriate.

6. Counsel are expected to continue to evaluate their respective cases for settlement purposes. If the case settles in whole or in part, plaintiffs' counsel shall advise the Court by promptly filing a stipulation.

SO ORDERED.

/s/
PAUL L. FRIEDMAN
United States District Judge

DATE: October 16, 2017