UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                   )
UNITED STATES OF AMERICA, ex rel., )
AARON J. WESTRICK, Ph.D.,          )
                                   )
             Plaintiffs,           )
                                   )
        v.                         )      Civil Action No. 04-0280 (PLF)
                                   )
SECOND CHANCE BODY ARMOR, INC.,    )
et al.,                            )
                                   )
             Defendants.           )
_____)


MEMORANDUM OPINION AND ORDER

This matter is before the Court on the motion in limine [Dkt. No. 619] of the United States to exclude the testimony of Angela Watson-Spitler. Pro se defendant Richard C. Davis intends to call Ms. Watson-Spitler as a fact witness at the bench trial set to begin on June 18, 2018. The United States seeks to exclude her testimony as irrelevant under Rule 402 of the Federal Rules of Evidence, and as unfairly prejudicial and a waste of time under Rule 403. Plaintiff-relator Dr. Aaron J. Westrick joins the United States' motion. See Mot. in Limine at 1 n.1. Mr. Davis opposes the motion. See id.

In evaluating the admissibility of proffered evidence on a pretrial motion in limine, the Court must assess whether the evidence is relevant and, if so, whether it is admissible, pursuant to Rules 401 and 402 of the Federal Rules of Evidence. See Daniels v. District of Columbia, 15 F. Supp. 3d 62, 66 (D.D.C. 2014). "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." FED. R. EVID. 401. Relevant evidence is

admissible unless provided otherwise by the U.S. Constitution, a federal statute, the Federal Rules of Evidence, or other rules prescribed by the Supreme Court. See FED. R. EVID. 402. "Irrelevant evidence is not admissible." Id. A court may "exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, . . . [and] wasting time . . . ." FED R. EVID. 403. Because virtually all material evidence is prejudicial in one way or another, Rule 403 applies only where the prejudice is unfair. See United States v. Pettiford, 517 F.3d 584, 590 (D.C. Cir. 2008).

Ms. Watson-Spitler is one of three witnesses whom Mr. Davis intends to offer at trial. Mr. Davis has previously explained that Ms. Watson-Spitler, a former Ohio Highway Patrol officer, was shot while wearing a non-Zylon vest. See February 22, 2018 Pretrial Conference Hr'g Tr. at 121:16-122:22 [Dkt. No. 611]. He intends to ask Ms. Watson-Spitler about her experience being shot while wearing a non-Zylon vest and about blunt force trauma. See id.; see also Revised Joint Pretrial Statement at 27 [Dkt. No. 625]; March 29, 2018 Letter from R. Davis [Dkt. No. 623-1]. He has stated that he "do[es] not plan to call [Ms. Watson-Spitler] as an expert witness, but as a fact witness," and expects that "her testimony will take less than 10 minutes, if that." See March 20, 2018 Letter from R. Davis [Dkt. No. 619-1]. The United States contends that Ms. Watson-Spitler "has no relevant evidence about the performance of Second Chance's Zylon vests" and that her testimony would be unfairly prejudicial and a waste of time because she was not wearing a Zylon vest when she was shot. See Mot. in Limine at 2-3.

Given that this matter is set for a bench trial, and in light of Mr. Davis' pro se status, the Court will permit Ms. Watson-Spitler to testify and will reserve judgment on the relevance and probative value of her testimony. The Court will decide at trial or before

2

rendering its decision in this case whether her testimony is irrelevant in whole or in part or is offered for an improper purpose. See FED. R. EVID. 401 and 402. The Court will likewise exercise its discretion under Rule 403 to ensure that her testimony is not unduly prejudicial or time-consuming. See FED. R. EVID. 403. In view of Mr. Davis' representations, Ms. Watson-Spitler's testimony is not likely to be a waste of time.[1]

The Court recognizes its obligation to provide pro se litigants with somewhat more latitude than is provided to litigants represented by counsel. See Moore v. Agency for Int'l Dev., 994 F.2d 874, 876 (D.C. Cir. 1993). At trial, the Court will continue its efforts to explain the appropriate procedures and the Court's rulings to Mr. Davis. See id. (explaining that the trial court should provide pro se litigants "with the necessary knowledge to participate effectively in the trial process").

For all of the foregoing reasons, it is hereby

ORDERED that the United States' motion in limine [Dkt. No. 619] to exclude the testimony of Angela Watson-Spitler is DENIED.

SO ORDERED.

_____/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: April 17, 2018

---

[1] The Court will also reserve for judgment at trial whether to permit any attempt by Mr. Davis to offer Ms. Watson-Spitler as a character witness pursuant to Rule 404(a)(1) of the Federal Rules of Evidence. See Mot. in Limine at 3.