UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
UNITED STATES OF AMERICA, ex rel.,  )
   AARON J. WESTRICK, Ph.D.,        )
                                    )
           Plaintiffs,              )
                                    )
       v.                           )   Civil Action No. 04-0280 (PLF)
                                    )
SECOND CHANCE BODY ARMOR, INC.,     )
  et al.,                           )
                                    )
           Defendants.              )
_____ )

MEMORANDUM OPINION AND ORDER

In his pretrial brief [Dkt. No. 531], the relator, Dr. Aaron J. Westrick, asks the Court to clarify whether the conspiracy claim asserted under the False Claims Act is still alive in this case and whether the parties may proceed at trial, among other things, on a conspiracy theory under Count 3 of the United States' second amended complaint. According to Dr. Westrick, Judge Richard W. Roberts, to whom this case was previously assigned, dismissed the conspiracy claim in the related case, United States v. Toyobo Co., Ltd. (Civil Action No. 07-1144), but not in the instant case, United States ex rel. Westrick v. Second Chance Body Armor, Inc. (Civil Action No. 04-0280). Dr. Westrick suggests that this Court inadvertently created some confusion about the matter in its decision of July 14, 2017 resolving the United States' subsequent motion for reconsideration. See United States ex rel. Westrick v. Second Chance Body Armor, Inc., 266 F. Supp. 3d 110 (D.D.C. 2017). The Court agrees.

In the Toyobo case (Civil Action No. 07-1144), Judge Roberts granted the motion of defendants Toyobo Company Ltd. and Toyobo America, Inc. (collectively, "Toyobo") to

dismiss the conspiracy claim between Toyobo and the bulletproof vest manufacturers other than Second Chance, which was not named as a defendant in that case. See United States v. Toyobo Co., Ltd., 811 F. Supp. 2d 37, 51 (D.D.C. 2011). By contrast, in this case (Civil Action No. 04-0280), Judge Roberts denied Toyobo's motion to dismiss the conspiracy claim between Toyobo and Second Chance. See United States ex rel. Westrick v. Second Chance Body Armor, Inc., 685 F. Supp. 2d 129, 141 (D.D.C. 2010). He found that the four corners of the amended complaint contained detailed assertions of meetings between Toyobo and Second Chance which were sufficient "at the motion to dismiss stage" to allege a claim for conspiracy. See id.

Later, Judge Roberts considered the parties' cross motions for partial summary judgment on various claims asserted in both actions. See United States ex rel. Westrick v. Second Chance Body Armor Inc., 128 F. Supp. 3d 1 (D.D.C. 2015), recons. denied in part sub nom. United States v. Second Chance Body Armor Inc., No. 04-0280, 2016 WL 3033937 (D.D.C. Feb. 11, 2016). Judge Roberts denied in relevant part Toyobo's motion for partial summary judgment as to the conspiracy claim between Toyobo and Second Chance (Count 3). See United States ex rel. Westrick v. Second Chance Body Armor Inc., 128 F. Supp. 3d at 19, 21-22. Although the United States moved for reconsideration of Judge Roberts' summary judgment opinion, Toyobo did not. See United States v. Second Chance Body Armor Inc., 2016 WL 3033937, at *1.

When the United States filed a second motion for reconsideration of Judge Roberts' summary judgment decision, this Court addressed the conspiracy claim alleged between Toyobo and Second Chance in the following footnote:

> The United States' supplemental brief describes these events as a conspiracy between Toyobo and Second Chance [additional quotation marks omitted]. US Supp. at 15 n.43. Judge Roberts previously rejected any such conspiracy, stating: "The

2

> government's allegations that the vest manufacturers were aware by mid-2001 that Zylon was defective [ ] yet continued to sell Zylon vests through 2005 are insufficient to aver that Toyobo and the vest manufacturers agreed to anything. Moreover, the notion that Toyobo conspired with the vest manufacturers is inconsistent with the government's allegations that Toyobo misrepresented the extent and severity of Zylon's degradation to the vest manufacturers to induce them to continue to sell their vests to the government."

See United States ex rel. Westrick v. Second Chance Body Armor, Inc., 266 F. Supp. 3d at 116 n.8 (quoting United States v. Toyobo Co. Ltd., 811 F. Supp. 2d at 51). The confusion to which Dr. Westrick now points arose because the first sentence of the footnote referred to the conspiracy between Toyobo and Second Chance alleged in the instant action, Civil Action No. 04-0280. The second sentence then incorrectly suggested that Judge Roberts had rejected this same Toyobo-Second Chance conspiracy, when in fact he had not. The quotation which follows is an excerpt from Judge Roberts' earlier opinion, United States v. Toyobo Co. Ltd., 811 F. Supp. 2d at 51, dismissing the conspiracy claim asserted in the Toyobo case, Civil Action No. 07-1144, between Toyobo and the bulletproof vest manufacturers other than Second Chance.

Accordingly, it is hereby

ORDERED that the conspiracy claim asserted under the False Claims Act in Count 3 of the United States' second amended complaint remains at issue in this case and will be decided following the bench trial currently set to begin on June 18, 2018.

SO ORDERED.

/s/
PAUL L. FRIEDMAN
United States District Judge

DATE: April 18, 2018

3