UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, <u>ex</u> <u>rel</u>., <br> AARON J. WESTRICK, Ph.D., <br><br> Plaintiffs, <br><br> v. <br><br> SECOND CHANCE BODY ARMOR, INC., <br> <u>et</u> <u>al</u>., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Civil Action No. 04-0280 (PLF) |

MEMORANDUM OPINION AND ORDER

This case is set for a bench trial to begin on June 18, 2018. In its trial brief [Dkt. No. 542], the United States asks the Court to admit certain statements made by executives of Second Chance Body Armor, Inc. ("Second Chance"), including those of Thomas Edgar Bachner, Jr., as statements of a co-conspirator under Rule 801(d)(2)(E) of the Federal Rules of Evidence. According to the United States, these statements constitute non-hearsay under Rule 801(d)(2)(E) because: (1) a conspiracy existed to manufacture and sell defective Zylon body armor and to hide those defects from the United States; (2) Toyobo Co. Ltd. and Toyobo America, Inc. (collectively, "Toyobo") and Second Chance were members of the conspiracy; and (3) the statements were made during and in furtherance of the conspiracy. Although pro se defendant Richard C. Davis has not filed a response to the United States' trial brief, the Court has carefully considered the response filed by former defendant Toyobo prior to its dismissal

from this case. For the reasons that follow, the Court will provisionally admit these statements and defer a final ruling on their admissibility until trial.[1]

A statement is not hearsay if it is "offered against an opposing party and . . . was made by the party's coconspirator during and in furtherance of the conspiracy." FED. R. EVID. 801(d)(2)(E). In order to admit a statement under Rule 801(d)(2)(E), a "district court must find by a preponderance of the evidence that a conspiracy existed and that the defendant and declarant were members of that conspiracy." United States v. Loza, 763 F. Supp. 2d 108, 111 (D.D.C. 2011) (quoting United States v. Brockenborrugh, 575 F.3d 726, 735 (D.C. Cir. 2009) (citation and internal quotation marks omitted)). The Court must also find that the statement in question was "made in furtherance of the common goal" of the conspiracy. United States v. Gewin, 471 F.3d 197, 201 (D.C. Cir. 2006) (citation and internal quotation marks omitted); see also Bourjaily v. United States, 483 U.S. 171, 175-76 (1987). Any finding by the Court that the requirements of Rule 801(d)(2)(E) are met must be based at least in part "on some independent evidence of the conspiracy" – that is, on evidence other than the statements whose admissibility is in question. United States v. Gewin, 471 F.3d at 201-02 (noting that Rule 801(d)(2)(E) applies equally in civil and criminal cases).

The court of appeals has suggested that the "better practice" is for the trial court to make a final admissibility determination prior to admitting any purported co-conspirator statements, but it has also acknowledged that it is impractical for the trial court to do so in many cases. See United States v. Loza, 763 F. Supp. 2d at 112-13 (citing United States v. Jackson, 627 F.2d 1198, 1218 (D.C. Cir. 1980)). The trial court therefore has "considerable discretion" to

---

[1] The United States has withdrawn the second portion of its trial brief concerning the statements of two other alleged co-conspirators, Itochu International, Inc. and N.I. Teijin Shoji Co., Ltd. See April 19, 2018 Pretrial Conf. Tr. at 65:1-23 [Dkt. No. 631].

2

proceed to trial and to admit particular statements, as they are offered, "subject to connection," a common practice used frequently to avoid mini-trials of the evidence in advance of the actual trial. United States v. Bazezew, 783 F. Supp. 2d 160, 166 (D.D.C. 2011) (citations and internal quotation marks omitted). Under this procedure, the trial court defers determinations regarding the admissibility of co-conspirator statements until the close of the government's case at trial. Id.; see also United States v. Apodaca, 275 F. Supp. 3d 123, 138-39 (D.D.C. 2017) (listing cases).

In its trial brief, the United States proffers that various emails, meeting minutes, and other evidence will show that Toyobo and Second Chance conspired "to conceal their emerging knowledge of problems with Zylon vests and protect Toyobo's market for Zylon fiber and Second Chance's market for Zylon vests." Trial Br. at 4. Specifically, the United States asserts that in July 2001, Second Chance agreed to test its used Zylon vests to address concerns regarding the use of Zylon for ballistic purposes, and signed a confidentiality agreement with Toyobo in August 2001 to prevent public disclosure of the results. See id. at Exs. 3, 7, and 8. The United States contends that in December 2001, Second Chance and Toyobo held a "Zylon Crisis Management Meeting" to discuss the results of the used-vest testing. See id. at 5. As the United States proffered at the April 19, 2018 pretrial conference, "Toyobo [paid a] $6 million rebate in 2002, and we view that rebate as essentially a payoff to Second Chance to keep buying Zylon, and . . . [to not] disclose the results of the ballistic testing." See April 19, 2018 Pretrial Conf. Tr. at 65:15-23. According to the United States, Second Chance did not publicly disclose its used-vest testing data until March 2004, after it had recalled certain Zylon-containing vests. See Trial Br. at 5. The United States contends that the conspiracy continued until at least June 2005, when Second Chance stopped all sales of its Zylon vests. See id. at 5-6; id. at Ex. 14.

3

If the United States is able to present evidence to substantiate its claims – as it asserts that it will – there is a substantial likelihood that the requirements of Rule 801(d)(2)(E) will be met. The Court therefore will provisionally admit the statements at issue, contingent upon the United States showing at trial that the statements conform to the requirements of Rule 801(d)(2)(E). See United States v. Loza, 763 F. Supp. 2d at 112-13; United States v. Gewin, 471 F.3d at 201 (explaining that "[a] court can preliminarily admit hearsay statements of co-conspirators, subject to connection through proof of conspiracy"). Mr. Davis may raise objections at trial to the admission of particular statements. Accordingly, it is hereby

ORDERED that the request of the United States in its trial brief [Dkt. No. 542] to admit the statements of Itochu International, Inc. and N.I. Teijin Shoji Co., Ltd. as co-conspirators of Toyobo is DENIED as moot; and it is

FURTHER ORDERED that a final decision on the request of the United States in its trial brief [Dkt. No. 542] to admit the statements of Second Chance is DEFERRED. The Court will provisionally admit the statements in question, subject to the United States presenting sufficient evidence to demonstrate the admissibility of such statements at trial. Once the United States has concluded its case-in-chief, or at any other appropriate time during or after the presentation of evidence at trial, the Court will make a final determination regarding the admissibility of the statements proffered as the statements of co-conspirators.

SO ORDERED.

/s/
PAUL L. FRIEDMAN
United States District Judge

DATE: May 3, 2018